No. 12,347.

NEW YORK INDEMNITY CO. ET AL. *v.* INDUSTRIAL COMMISSION ET AL.

Decided October 14, 1929.

Mr. WILLIAM T. WOLVINGTON, for plaintiffs in error.

Mr. ROBERT E. WINBOURN, Attorney General, Mr. ARTHUR L. OLSON, Assistant, for defendants in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

DEFENDANT in error Robinson was employed by plaintiff in error Biers. The relation was covered by the Workmen's Compensation Act. Plaintiff in error corporation, hereinafter referred to as the indemnity company, was the insurance carrier. Robinson sustained an injury arising out of and in the course of his employment. The Industrial Commission of Colorado, hereinafter referred to as the commission, found his resulting disability total and permanent, and fixed his compensation accordingly. He later obtained employment, and the indemnity company sought such reduction of his allowance that it would cover only wages lost. An adverse ruling by the commission was affirmed by the district court. To review that judgment this writ is prosecuted.

█ The injury to Robinson resulted in the amputation of his right arm near the elbow and a 90 per cent loss in the use of his left. He had but an eighth grade education, was 34 years old, and earned his living by manual labor. Since our Workmen's Compensation Act (§4451, C. L. 1921) provides that "the loss of both hands or both arms or both feet or both legs or both eyes or of any two thereof, shall prima facie constitute total and permanent disability," it is evident that the Legislature, in using the expression, did not have in mind a condition of helpless paralysis reducing bodily functions to the minimum essential for the maintenance of a mere spark of life. We have heretofore declined to entertain similar presumptions. *Industrial Com. v. Johnson,* 64 Colo. 461, 172 Pac. 422; *Employers' Mut. Ins. Co. v. Industrial Com.,* 70 Colo. 228, 199 Pac. 482; *Industrial Com. v. State Ins. Comp. Fund,* 71 Colo. 106, 203 Pac. 215.

█ We have no doubt that Robinson's is a "total permanent disability" as that term is used in the act. The question then arises, Are there exceptions to the right of one thus disabled to be compensated accordingly, and if so does this record present one of them? One such exception only is specifically mentioned in the act; i. e.: "Provided, however, That where the disability comes under this section and where the employer or the commission obtains suitable employment for such disabled person which he can perform and which in all cases shall be subject to the sole approval of the commission, the disabilities set out in this paragraph shall not constitute total disability during the continuance of the commission's approval of said employment, but such partial disability as may be determined by the commission after a finding of the facts." §4451, C. L. 1921.

█ Since Robinson's employment was not procured for him by either Biers or the commission, it is outside the exception. Can we add it thereto? A well settled rule of construction forbids: "It is well settled that an exception in a statute amounts to an affirmation of the

application of its provisions to all other cases not excepted and excludes all other exceptions.'' 25 R. C. L., p. 983, §230. ''An express exception, exemption or saving excludes others.'' Lewis' Southerland Stat. Const. (2d Ed.), Vol. 2, §494.

■ Since this is but a rule of construction it is always proper, as bearing upon its applicability, to inquire if in the particular case it accords with reason and promotes justice.

It here accords with reason because if the major exception now contended for existed without specific enactment, it included the minor exception above quoted, and the passage of the latter added nothing to the statute. We assume a useless legislative enactment only when obliged to do so.

■ It here promotes justice because if one be totally and permanently disabled he ought not be penalized for obtaining some trivial and unusual employment, or have the door of hope and ambition slammed in his face by being forbidden, on pain of having a portion of his meager sustenance withheld, to make any effort to add thereto. One may be totally disabled for all practical purposes of competing for remunerative employment in any general field of human endeavor and yet be able to obtain occasional employment under rare conditions and at small remuneration. The claimant's status remains unaffected thereby unless the employment be specifically covered by the statutory exception.

Of the authorities which indicate the contrary the most persuasive is *Skelton L. & Z. Co. v. State Industrial Com.*, 100 Okla. 188, 229 Pac. 255; but that case is not in point. The commission there found only ''a temporary total disability.'' The employment the claimant thereafter obtained was the position of city marshal, the duties of which must necessarily have been so numerous and varied that an ability to discharge them, which ability it appears claimant admitted, would of itself be convincing evidence of a material change in his disability status.

Moreover, the Oklahoma statute, there held applicable, provided that the compensation should be based upon the difference in earning capacity ''in the same employment or otherwise,'' which should be paid ''during the continuance thereof.'' As contrasted with that situation it appears that the duties of this claimant, under the employment obtained by him, were to start and stop an electric pump by pushing a button, and to escort children across the main highway to school. It seems apparent that one may, for all practical purposes, be totally and permanently disabled, and yet have the capacity to discharge such duties.

Finding no reversible error in the record, the judgment is affirmed.

Mr. Justice Butler not participating.