## No. 13,906.

LEYDEN LIGNITE COMPANY ET AL. *v.* BUDDY ET AL.

(56 P. [2d] 52)

Decided March 23, 1936.

Mr. FRANK C. WEST, for plaintiffs in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. LOUIS SCHIFF, Assistant, Mr. JAMES W. CREAMER, for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THIS is a workmen's compensation case. The parties are hereinafter referred to as the Lignite Company, the Insurance Company, Buddy, and the commission, respectively.

Buddy, while employed by the Lignite Company, whose industrial insurance was carried by the Insurance Company, sustained an injury in an accident arising out of and in the course of that employment. The referee found: Date of injury August 25, 1933; temporary disability ended March 16, 1935; permanent disability 50% loss of right leg at ankle, 35% loss of right arm at wrist; and average weekly wages $24.30. He awarded compensation at $12.15 per week from September 5, 1933, to March 15, 1935, and for 88.4 weeks thereafter (or until approximately $1,074 had been paid). On review the commission found and awarded the same, save that instead of finding the per cent of loss to members separately it found a "permanent partial disability equivalent to 20% as a working unit" and instead of the weekly allowance for 88.4 weeks after March 15, 1935, it provided that payments be made after that date "until the further sum of $3640 shall have been paid." The Lignite Company and the Insurance Company brought this action in the district court to set aside the commission's award. The court, however, affirmed it, and to review that judgment this writ is prosecuted. It is here contended that the award of the commission was made under a statute not applicable; further, that if said statute be applicable, the award is unsupported by the evidence; hence that the commission acted without and in excess of its powers.

Section 73 (S. L. '29, c. 186, §10) of the Act in question reads, in part:

"In case an injury results in a loss set forth in the following schedule, the injured employe shall, in addition to compensation to be paid for temporary disability, receive compensation for the period as specified, to-wit: * * *.

"The loss of a hand at the wrist 104 weeks; * * *. The loss of a foot at the ankle 104 weeks." Subdivision (f) of the same section provides that in case of loss or partial loss of the use of a member compensation "may" be determined by comparative estimate, or the commission

"may award compensation under the permanent partial disability section," which is section 78 (S. L. '29, c. 186, §11). This covers the instant case unless excluded by the provision reading, "except the sustaining of any one of the injuries *specifically* covered by sections 73, * * *." Briefly stated the question is, Does "injuries specifically covered by section 73," refer only to loss of a member, or does it refer also to loss or partial loss of the *use* thereof? The Lignite Company and the Insurance Company say the latter, Buddy and the commission the former.

A careful reading of these sections in full convinces us that reason and logic support the conclusion of the commission and the court. This is enforced by the well recognized rule of construction that, if possible, some meaning and effect must be given to each word used in the statute in question. If, here, we delete the word "specifically" the exclusion clause in section 78 would mean exactly what plaintiffs in error say it does. We cannot escape the conclusion that the General Assembly used the word to limit the exclusion clause to that portion of section 73 relating to loss of a member, not that portion relating to loss of use. In this case the loss being of use the commission was vested with discretion to apply section 78, which discretion it so exercised. We here get no material assistance from cases in this jurisdiction but the following are enlightening and support our conclusion. *Norwood v. Lake Bisteneau Oil Co.,* 145 La. 823, 83 So. 25; *Close v. Lucky O. K. M. Co.,* 105 Kan. 257, 182 Pac. 392.

No good purpose could be served by abstracting the evidence. Suffice it to say we have examined it with care and have no doubt it supports the award of the commission.

The judgment is accordingly affirmed.

Mr. Chief Justice Campbell and Mr. Justice Holland concur.