## No. 14,122.

RIO GRANDE MOTOR WAY, INC. ET AL. *v.* DE MERSCHMAN
ET AL.
(68 P. [2d] 446)

Decided April 26, 1937.   Rehearing denied May 24, 1937.

Mr. EDWARD L. WOOD, Mr. NORMAN W. BAKER, for plaintiffs in error.

Messrs. ADAMS & HECKMAN, Mr. BYRON G. ROGERS, Attorney General, Mr. LOUIS SCHIFF, Assistant, for defendants in error.

*In Department.*

Mr. Chief Justice Burke delivered the opinion of the court.

These parties are hereinafter referred to as follows: The Rio Grande Motor Way, Inc., as the corporation; the Travelers Insurance Company, as the insurance company; Albert De Merschman, as claimant; and the Industrial Commission of Colorado, as the commission.

This is a workmen's compensation case. Claimant was master mechanic for the corporation, whose industrial insurance was carried by the insurance company, at a salary of approximately $250 per month. He was injured November 2, 1931, in an accident arising out of and in the course of that employment. He filed with the commission his claim under the Workmen's Compensation Act, applicable to all parties hereto. From the beginning to the end of hearings, awards, and supplemental awards, he maintained, and the commission found, that he was totally and permanently disabled. To set aside the final award the corporation and the insurance company brought this action in the district court. The court affirmed the award, and to review that judgment this writ is prosecuted. No contention is here made that claimant is not permanently disabled, but it is stoutly maintained that his disability is not total. Such is the sole question of moment before us.

There is no substantial conflict in the evidence. Claimant's injury was caused by an explosion which deluged him with flaming gasoline. He is afflicted with deep and extensive adhesions due to burns. Various physicians estimated his disability at sixty-five per cent to total. One expressed the rather speculative opinion that "permanent disability could be brought down to thirty-five or forty per cent, probably, by plastic surgery." Claimant has no special training, skill, or fitness for other than auto mechanical work. He testified he was burned so deeply about his shoulders "it is impossible for the skin to grow back over them and they are left in a bleeding condition most of the time." "My arms are bound down

to my side and I can't move them enough to perform any kind of work.'' His brother is, and was at the time of the accident, president and general manager of the corporation. Thinking ''it would be a good thing for him to do something in more or less of a supervisory capacity,'' he gave him such employment at $175 per month, which his board of directors ordered reduced to $125. This employment appears to arise solely from the corporation's recognition of a ''moral responsibility,'' plus the influence of its president, claimant's brother. It is undisputed that the job was ''created'' in response thereto. We think the conclusion inevitable that it has no relation to earning power, that it is in fact charitable, a mere gratuity, which in all probability would vanish with the death, disability, or discharge of the brother, leaving claimant mere flotsam on the industrial sea. At most, under such circumstances, the matter rests in the commission's discretion, of which we discover no abuse.

█ Whether degree of disability be determined from general impairment, or impairment of capacity to perform specific work, or both, depends upon the facts of each case, and thereto the commission is vested with the ''widest possible discretion.'' *Globe Indemnity Co. v. Industrial Commission,* 67 Colo. 526, 186 Pac. 522.

█ An injured workman is not to be denied a finding of total and permanent disability because not the vcitim ''of helpless paralysis reducing bodily functions to the minimum essential for the maintenance of a mere spark of life.'' And though ''able to obtain occasional employment under rare conditions and at small remuneration'' (the equivalent of precarious employment at half salary through family influence, as a matter of charity, or the recognition of a moral responsibility, or as a mere gratuity) one may still ''be totally disabled for all practical purposes of competing for remunerative employment in any general field of human endeavor.'' *New York Indem. Co. v. Industrial Commission,* 86 Colo. 364, 281 Pac. 740.

█ Neither are we impressed with the contention of

plaintiffs in error that section 352, chapter 97, page 1349, volume 3, '35, C. S. A. (§4447, C. L. 1921) governs. This is based upon the theory that claimant's injury is limited to the loss of the use of his arms. The evidence, however, shows that it goes much beyond that. Were it otherwise we have heretofore answered the argument. *Leyden Co. v. Buddy,* 98 Colo. 452, 56 P. (2d) 52.

The judgment is affirmed.

MR. JUSTICE HILLIARD and MR. JUSTICE BAKKE concur.