**SOUTHERN ICE & UTILITIES CO. et al. v. BARRA et al.**

No. 27937.     March 8, 1938.

Butler, Brown & Rinehart, for petitioners.

Claud Briggs, W. P. Morrison, John Morrison, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is the second time this case has been before the Supreme Court. The opinion of the court in the former proceeding is reported in 178 Okla. 291, 62 P.2d 988. In the former opinion it was held that there was competent evidence that respondent had sustained an accidental injury as the result of heat exhaustion causing a paralytic stroke. On the 5th day of May, 1937, the State Industrial Commission entered its award finding that the respondent was permanently and totally disabled. The sufficiency of the evidence to sustain the finding is the sole question presented. Petitioner relies upon the case of Otis Elevator Co. v. Haveley, 148 Okla. 82, 296 P. 1106, wherein the court said:

"Incapacity or disability cannot be found to be total, where it appears that the claimant's earning power is not wholly destroyed and that he is still capable of performing remunerative employment. In such a case he is under the obligation of making active efforts to procure such work as he can still perform."

We think the case cited is readily dis-

tinguishable from the case at bar. Therein the respondent was working and apparently able to work. Here there is no evidence that he is able to work, and he has not worked since the date of the accidental injury. Qualified physicians testified that the respondent was totally and permanently disabled and could not in their opinion perform manual labor. In the case of Oklahoma Gas & Electric Co. v. Hardy, 179 Okla. 624; 67 P.2d 445, this court cited with approval the case of Sweetwater Gin Co. v. Wall. 153 Okla. 96, 5 P.2d 126, which in turn cited and quoted from the case of New York Indemnity Co. v. State Industrial Commission, 86 Colo. 364, 281 P. 740. In Oklahoma Gas & Electric Co. v. Hardy, supra, in quoting we said:

"In that case in the body of the opinion our court quoted with approval the following language found in the opinion of the Colorado court in the case of New York Indemnity Co. v. Industrial Commission, 86 Colo. 364, 281 P. 740, which is as follows: 'If one be totally and permanently disabled, he ought not be penalized for obtaining some trivial and unusual employment, or have the door of hope and ambition slammed in his face by being forbidden, on pain of having a portion of his meager sustenance withheld, to make any effort to add thereto. One may be totally disabled for all practical purposes of competing for remunerative employment in any general field of human endeavor and yet be able to obtain occasional employment under rare conditions and at small remuneration.' ".

We are of the opinion and hold that there is competent evidence to sustain the finding of the State Industrial Commission, and the award is affirmed.

OSBORN, C. J., and RILEY. CORN, GIBSON, and DAVISON, JJ., concur.