No. 14,397.

PRYOR COAL MINING COMPANY ET AL. *v.* CONTINO ET AL.
(82 P. [2d] 1101)

Decided September 19, 1938.

Mr. FRANK C. WEST, for plaintiff in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. LOUIS SCHIFF, Assistant, for defendants in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

ACTION by · plaintiffs in error, plaintiffs below, to vacate an award in favor of Contino, the claimant, based

on total disability which the commission found existed. The district court affirmed the award. The only question involved is the sufficiency of evidence of total disability upon which the commission based its finding.

Claimant, a coal miner, was severely injured in the course of his employment on September 9, 1929, when a large rock fell upon him, resulting in a fracture of several ribs, several vertebra and the pubis and ischium on the left side.

At a hearing on September 22, 1930, the referee for the commission found a permanent disability of 80 per cent as a working unit. No review was sought of this finding.

On September 13, 1937, the commission ordered the case reopened on ground of error, mistake or change in condition, in pursuance of which another hearing was had and the following finding made:

"The commission now finds: that the finding as to degree of permanent disability was in error, that claimant then, and now is, permanently and totally disabled * * *."

This finding is supported by the first report of Dr. Lamme in which he recited that claimant "will not be able to resume work again." This was on July 24, 1930. On September 2, 1937, after examining the claimant again, he gave as his opinion that claimant was totally and permanently disabled because of limitation of motion and weakness of the spine accompanied by pain in the chest and weakness about the hip joint because of the broken pelvis, also that claimant could never again resume his old work. As to other gainful occupation Dr. Lamme expressed no opinion.

Dr. Abrams, appointed by the commission, submitted a detailed report of claimant's condition on December 9, 1937, which concluded with the statement: "If he were a younger man, he undoubtedly would be able to do considerable work. The estimation of 100 per cent for heavy work and 80 per cent for all kinds of work would

appear to have been a liberal one, because of his improved condition today."

Claimant testified: "I hurt in my back all the time and I can't do nothing,"; I have not done any work at all since I was hurt; "I can't, I tried a little bit and I fall down; I tried the first time about 1930. I try but I can't do nothing; I just get a bucket of water or coal, that is all"; I have not tried to do anything heavier than that; I was 57 years old the 15th of last April; "I am getting worse all the time"; I am seven years older, "but it hurts me more all the time. If I walk a little fast I cannot walk any more."

Attempt is made to counteract this testimony by showing that claimant tried to procure a lump sum settlement of his compensation in the sum of $1,500 to be used in purchasing an eighty-acre chicken farm. The commission denied this application, but even had it been allowed and claimant had acquired the farm, it does not follow that he would be able to do the work himself, or that if he did so that he was not totally disabled within the meaning of the workmen's compensation law as construed by our former decisions.

Claimant was not represented by counsel, and counsel for plaintiffs in error must have substantially conceded claimant's condition to be as stated in his evidence, because no effort was made to establish any factual situation, other than that related by him and the doctors.

Claimant is now nearly 60 years of age; he is of foreign extraction and illiterate; has never known anything but hard physical labor all his life apparently, and now is broken in body and, as he says, unable to work any more. Dr. Lamme testified that his present condition is "a total permanent disability from work."

We well may ask what chance will this wrecked and outworn human machine have in the highly competitive and excluding labor market of today?

As stated in *Motor Way v. De Merchman*, 100 Colo. 421, 68 P. (2d) 446: "An injured workman is not to be

denied a finding of total and permanent disability because not the victim 'of helpless paralysis reducing bodily functions to the minimum essential for the maintenance of a mere spark of life.' And though 'able to obtain occasional employment under rare conditions and at small remuneration,' * * * one may still 'be totally disabled for all practical purposes of competing for remunerative employment in any general field of human endeavor.'" See, also, *New York Indem. Co. v. Industrial Commission,* 86 Colo. 364, 281 Pac. 740.

We find no error in the record.

Judgment affirmed.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE HILLIARD and MR. JUSTICE HOLLAND concur.