## No. 14,835.

BYOUK *v.* INDUSTRIAL COMMISSION ET AL.

(105 P. [2d] 1087)

Decided September 23, 1940.

Mr. MATT J. KOCHEVAR, for plaintiff in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. FRANK A. BRUNO, Assistant, Mr. FRED FARRAR, for defendants in error.

*En Banc.*

MR. JUSTICE KNOUS delivered the opinion of the court.

IN this controversy the Industrial Commission found that as the result of injuries arising from a compensable coal mining accident, plaintiff in error claimant sustained permanent partial disability equivalent to sixty per cent as a working unit, and ordered defendant in error employer, a self insurer, to pay compensation therefor to the aggregate extent of $3,640, the maximum permitted by section 357, chapter 97, '35 C.S.A.,

covering awards for compensation for permanent partial disability. Upon the basis of the weekly payments fixed, the award would be fully paid in about five years from the date thereof. Claimant, being dissatisfied with the commission's action, brought suit in the district court alleging that the award was erroneous and insufficient, in that it was for permanent partial disability only, whereas, as he contended, the commission should have declared him to be permanently and totally disabled and awarded compensation in accordance with the provisions of section 356, chapter 97, '35 C.S.A., applicable to such cases. Upon due hearing the court entered judgment sustaining the award of the Industrial Commission, and ordered that it be affirmed. Claimant brings the judgment here for review by writ of error.

■ ■ In determining the extent or degree of disability of an injured workman upon the facts of each case, it is axiomatic that the Industrial Commission is vested with the widest possible discretion with the exercise of which the courts will not interfere. *Rio Grande Motorway v. De Merschman,* 100 Colo. 421, 68 P. (2d) 446; *Globe Indemnity Co. v. Industrial Commission,* 67 Colo. 526, 186 Pac. 522. Also the presumption exists that in making an award for disability under section 357, supra, the commission considered and gave due weight to all of the factors therein enumerated. *Industrial Commission v. Big Six Coal Co.,* 72 Colo. 377, 211 Pac. 361.

In the instant case the evidence disclosed that claimant was forty-two years of age at the time the award was made; that he had completed the seventh grade in grammar school; that his principal occupation has been that of a coal miner and that he has had no training or experience in any other line of work; that the injuries sustained by him involved the lower back, orthopedically and neurologically, and were permanent in character. It appears from the record that since his discharge from the hospital claimant has submitted to nine physical

examinations by seven physicians, of whom three were employed by him, two by the employer and two by the commission. Two of claimant's physicians fixed his disability as permanent total, although one of them previously had testified that the disability was thirty-five per cent permanent partial, and the third, who fixed no percentage of disability, was of the opinion that in the future the claimant would be able "to do ordinary labor to within a reasonable degree of what he was capable before the accident." One of the employer's physicians testified that the injuries permanently partially disabled the claimant as a working unit to the extent of twenty-five to thirty per cent, and the other said sixty-two and one half per cent. The two examiners for the commission fixed the resulting permanent partial disability at fifty per cent and sixty per cent respectively. The claimant and his wife stated that since the accident he had been unable to perform even the lightest task. No witness contended, as of the time they testified, that claimant physically was able to work as a coal miner or at manual labor of a comparable nature, or expressed the view that the injured workman ever would be able to return to that type of employment.

It is well established by our decisions, cited by claimant, that an injured workman is not to be denied compensation for permanent and total disability "because not the victim of helpless paralysis reducing bodily functions to the minimum essential for the maintenance of a mere spark of life." Neither is the status of total disability affected by the circumstance that one, physically incompetent, may perform occasional trivial work under rare conditions and for a small remuneration. *Rio Grande Motorway v. De Merschman, supra; New York Co. v. Industrial Commission,* 86 Colo. 364, 281 Pac. 740. See, also, *Pryor Coal Mining Co. v. Contino,* 103 Colo. 87, 82 P. (2d) 1101. The functional disability of an injured workman, compared with that of a normal man, does not control in fixing his compensable

status, since the term "disability" as used in the Workmen's Compensation Act, means industrial disability or loss of earning capacity and not mere functional disability. *Employers Mutual Ins. Co. v. Industrial Commission,* 70 Colo. 228, 199 Pac. 482; *United States F. & G. Co. v. Industrial Commission,* 97 Colo. 102, 46 P. (2d) 752. However, under the express provisions of section 357, supra, evidence of the degree of functional disability properly was admissible as relating to the "general physical condition" of the injured employee. Notwithstanding the unquestioned soundness of the pronouncements of these authorities, we are of the opinion that their principles are not available to the claimant, since, as appears from our resumé, there was evidence that claimant retained or would regain efficiency in some substantial degree as a working unit in the fields of general employment. In view of this state of the record we are of the opinion that we should not say that the commission abused its discretion in making the award entered, or that the court erred in affirming the same.

 It may further be observed that neither under the applicable statutes nor any cases adjudicated prior to or since their amendment to the present state, is the extent or degree of disability solely to be determined by the claimant's impaired earning capacity as it relates to the kind of labor in which he was employed when injured. *Globe Indemnity Co. v. Industrial Commission, supra; Rio Grande Motorway v. De Merschman, supra;* see, also, *London G. & A. Co. v. Industrial Commission,* 70 Colo. 256, 199 Pac. 962. It is obvious that such factor, while pertinent and important, must be considered with all other elements.

 In view of the unquestioned seriousness of claimant's injuries we think it proper to say, as defendants in error mention in their brief, that under the proviso contained in section 357, at any time during the period for which compensation for permanent partial disabil-

ity has been awarded, the commission, upon petition of a party in interest, is required to reopen a case upon showing that the disability of such injured employee has undergone a change in extent or degree since the entry of the award. It is thus certain that if during the five-year period or before the termination thereof, it develops that in fact the disability of claimant has undergone a change, the commission may modify its award in accordance with the conditions then shown to exist.

The judgment is affirmed.

MR. JUSTICE FRANCIS E. BOUCK and MR. JUSTICE YOUNG not participating.