AXTELL v. DUNNING-JAMES-PATTERSON et al.

No. 31908. Oct. 2, 1945.

Rehearing Denied Oct. 16, 1945.

*162 P. 2d 333.*

56

Frank Wilton Jones, of Oklahoma City, for petitioner.

Looney, Watts, Fenton & Eberle, of Oklahoma City, and Randell S. Cobb, Attorney General, for respondents.

PER CURIAM. This is an original proceeding brought by James L. Axtell, hereinafter called petitioner, to review an award made to him against his employer, Dunning-James-Patterson, hereinafter referred to as respondent.

On the 17th day of February, 1943, petitioner filed his first notice of injury and claim for compensation stating that he sustained an accidental injury arising out of and in the course of his employment with the respondent on the 9th day of January, 1943. He stated that he suffered a heart strain when another employee handed him a bundle of shingles. An award for 25 per cent disability was entered by the trial commissioner, and on appeal to the State Industrial Commission the award was affirmed on July 12, 1944.

The accidental injury and the cause of the disability is not disputed. The sole question is presented by the petitioner in seeking to raise the amount of the award from 25 per cent disability to total and permanent disability. It would do no good to summarize or review the medical evidence offered in support of the two theories of the parties involved in this proceeding. It is in irreconcilable conflict and runs the gamut from evidence of no disability connected with the accidental injury to total and permanent disability.

Petitioner insists that the case comes within the rule applied in Christian v. Hanna, 144 Okla. 89, 289 P. 708, and Wise-Buchanan Coal Co. v. Ray, 157 Okla. 197, 17 P. 2d 360, and related cases to the effect that the court cannot ignore the only evidence offered as to the degree of disability. The argument is to the effect that since the accidental injury, and the resulting disability, is conceded by failure to prosecute a proceeding to review the award on behalf of the respondent, the State Industrial Commission is bound to accept as true the statements of the physicians testifying for the petitioner. In this connection it is stated that since the contest by the employer was limited to the attempt to determine that there was no disability resulting from the accidental injury and the State Industrial Commission found against the employer on this proposition it is bound to accept as true the only evidence offered, which is the evidence of petitioner, as to the disability; that if this is done, the State Industrial Commission could not find from any of the evidence that the disability of the petitioner was less than 65 per cent, and that the overwhelming evidence is that the petitioner is totally and permanently disabled.

With this contention we cannot agree. The cases cited above do not sustain the petitioner in this connection. The extent of disability has always been declared to be a question of fact. Southern Ice & Utilities Co. v. Barra, 182 Okla. 214, 77 P. 2d 55; Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. 2d 847; McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. 2d 32. Under the "other cases" provision of 85 O.S. 1941 § 22, it is the duty of the State Industrial Commission to determine from the medical evidence and all the facts and circumstances how much disability the petitioner sustained by reason of the accidental injury. That duty was performed in the case at bar, and there is competent evidence reasonably tending to support the finding.

The award is sustained.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, and ARNOLD, JJ., concur.