No. 22872.

THE NEW JERSEY ZINC COMPANY *v.* INDUSTRIAL COMMIS-
SION OF COLORADO AND SAMUEL VALDEZ.

(440 P.2d 284)

Decided April 29, 1968.

DAWSON, NAGEL, SHERMAN and HOWARD, RAYMOND J. TURNER, JAMES C. OLDHAM, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, PETER L. DYE, Assistant, for defendant in error Industrial Commission of Colorado.

TRAYLOR, KLADDER, HARSHMAN and PALO, for defendant in error Samuel Valdez.

*In Department.*

Opinion by MR. JUSTICE KELLEY.

THIS is a workmen's compensation case which is here on a writ of error directed to a judgment of the district court affirming an award of the Industrial Commission.

The referee, on September 2, 1964, in an order awarding compensation on the express finding of permanent and total disability, found, *inter alia,* that the employer admitted that Valdez was injured in an accident arising out of and in the course of his employment on November 30, 1962, and that his average weekly wage was such that he was entitled to the maximum rate of $40.25 per week; and also, that the employer had filed a special admission of liability dated August 22, 1963, in which he admitted that the claimant had suffered a permanent partial disability equivalent to 50% as a working unit as a result of the accident. The order continued:

"The Referee has completely reviewed all the med-

ical reports introduced into evidence and heard some testimony from the claimant's examining or treating physicians and notes that practically all the doctors who have submitted reports feel that the claimant has suffered permanent partial disability equivalent to 50% as a working unit as a result of his accident. Of course, all the doctors state that this percentage of disability is purely functional. The Referee further notes that the claimant's accident resulted in severe injury to his spinal cord, as a result of which he has no control over his bowel and urine functions and he also suffers from complete anesthesia in the perirectal region."

Upon review (C.R.S. 1963, 81-14-6), the Industrial Commission, on February 23, 1965, found that the referee's order of September 2, 1964, was correct and should be approved, affirmed and adopted as the order of the Commission, and it did so adopt that order.

On March 8, 1965, the employer filed its petition for review of the February 23, 1965, order, on the grounds that:

"1. The Industrial Commission, after properly finding that the evidence established that the claimant had suffered 50% permanent partial disability, erroneously found the claimant permanently and totally disabled.

"2. The Industrial Commission in reaching such a result apparently was applying the provisions of 1953 C.R.S. 81-12-9, which statutory provision, by its terms, is limited to permanent partial disability awards.

"3. The claimant's physical condition, mental training, ability, and education in no way justifies the imposition of a total and permanent award."

Thereafter the Commission, on March 30, 1965, by supplemental order reaffirmed "That the Findings of Fact and Award of this Commission, dated February 23, 1965, is correct and should be affirmed as the Final Award of this Commission."

On April 15, 1965, the employer commenced an action in the district court to modify the order of the Commission, alleging that the Commission "acted without or in excess of its powers and, furthermore, the Findings of Fact by the Commission do not support the Order or Award * * *." In support of the alleged errors the complaint reiterated the same three grounds set forth in its March 8, 1965, petition for review.

The district court affirmed the awards of the Industrial Commission entered on February 23, 1965, and March 30, 1965. A timely motion for new trial was denied and the petition for writ of error followed.

### SUFFICIENCY OF THE EVIDENCE

■ In the statutory scheme of the Workmen's Compensation Act, the scope of the court's function is limited. See C.R.S. 1963, 81-14-12.

The sum total of the employer's assignments of error, as we view them, is that the award of total and permanent disability is not supported by the evidence. This may be broken down into categories: first, his physical condition, as such, and second, his ability to obtain employment. The claimant, age twenty-three at the time of the accident, was a miner. He had a ninth grade education, plus a certificate from the Marine Corps attesting to an educational equivalency to a high school diploma. The record discloses no military training of significance in relation to civilian employment. Claimant's only civilian endeavor has been as a hard rock miner.

While in the course of his employment a slab of rock fell on the claimant which resulted in "a severe crushing fracture of the first lumbar vertebra, involving posterior elements."

A laminectomy was performed almost immediately after the injuries were received. The claimant was given excellent medical and hospital treatment, including retraining therapy at Craig Rehabilitation Center in Denver.

At the time of the hearing before the referee, immediately prior to the order to which the writ of error is directed, testimony of the claimant disclosed that he was wearing "a left foot brace for foot drop and a back support, a corset deal"; that any physical activity caused back pain and that he couldn't stand for any length of time without the back brace; further, the testimony indicated a definite lack of complete control over the bowel and urine functions. However, the record reflects that the claimant, by artificial means, could manage some control of both functions. The extent of this control is indicated by the testimony of the claimant: "I do have some trouble with my bladder. I can't hold it after it gets so full — well, wet my pants in other words." "Q. This happens without any warning? You don't have a chance to always get to the bathroom?" "A. No, I don't."

The medical testimony most favorable to the employer indicated that "suppositories control his bowels most of the time, but sometimes he has a little trouble with his bowels." The claimant added that this condition necessitated changing his clothing.

■ The record discloses that two physicians testified on behalf of the claimant that, in their opinion, he was totally disabled and unemployable. This testimony created a conflict in the evidence and, as we have often stated, supplied substantial evidence upon which the Commission could make its findings. And, as pointed out in *Bransall v. Industrial Commission,* 126 Colo. 556, 251 P.2d 935, even if the expert testimony "were undisputed, it would not necessarily be conclusive on the fact-finding body" — the Commission. See, also: *Montgomery Ward and Company v. Industrial Commission,* 128 Colo. 465, 263 P.2d 817; *State of Colorado v. Richards,* 158 Colo. 155, 405 P.2d 675.

The employer argues that: "The Commission failed to resolve conflicting evidence on the ability of claimant

to work in capacities other than his former job of a miner-laborer." The employer and the claimant each cite *Byouk v. Industrial Commission,* 106 Colo. 430, 105 P.2d 1087, and, in support of their respective positions, quote this statement from the opinion:

"* * * The functional disability of an injured workman, compared with that of a normal man, does not control in fixing his compensable status, since the term 'disability' as used in the Workmen's Compensation Act, means industrial disability or loss of earning capacity and not mere functional disability."

■■ The question of degree of disability and the test to be applied by the Commission in making its judgment thereon is also explained in the *Byouk* opinion in this manner:

"In determining the extent or degree of disability of an injured workman upon the facts of each case, it is axiomatic that the Industrial Commission is vested with the widest possible discretion with the exercise of which the courts will not interfere * * *. Also the presumption exists that in making an award * * * the commission considered and gave due weight to all of the factors therein enumerated * * *."

The foregoing was quoted with approval in *C.F.&I. Corp. v. Industrial Commission,* 151 Colo. 18, 379 P.2d 153.

■ As stated in *New York Indemnity Co. v. Industrial Commission,* 86 Colo. 364, 281 P. 740, one able to obtain occasional employment under rare conditions and at small remuneration may be totally disabled for all practical purposes.

We have considered other arguments advanced by the employer in support of its position, but do not regard them as sufficiently significant to justify extending this opinion.

■ Our review of the record discloses ample support

488

for the finding of total and permanent disability and the award entered on that finding.

The judgment is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE DAY and MR. JUSTICE PRINGLE concur.