No. C-610

**Puffer Mercantile Company, and Division of State Compensation Insurance Fund v. Remijio P. Arellano, and the Industrial Commission of Colorado**

(546 P.2d 481)

Decided December 29, 1975.

Francis L. Bury, Robert S. Ferguson, James A. May, for petitioners.

Tom W. Armour, for respondent Remijio Arellano.

John P. Moore, Attorney General, John E. Bush, Deputy, Peter L. Dye, Assistant, John Kezer, Assistant, for respondent The Industrial Commission of Colorado.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

Under certiorari procedure, we review the court of appeals' opinion in this case, which is found at 34 Colo. App. 434, 528 P.2d 966. In a workmen's compensation case, the Industrial Commission awarded claimant "1% permanent partial disability as measured as a working unit." The Colorado Court of Appeals affirmed the award. A dissent was filed, in which the dissenting judge would reverse and disapprove of the award. We reverse the majority opinion of the court of appeals.

■ The claimant underwent surgery in which his left testicle and his left and right epididymis[1] were removed.

We are not here concerned with awards of medical and hospital expenses nor of temporary disability benefits. Rather, this case involves solely the award of 1% permanent disability as a working unit.

The referee's finding, approved by the Industrial Commission, was that the claimant had recovered from the surgical procedures and that there was "no permanent disability interfering with his functional processes." The referee further found that the claimant was rendered impotent and that the loss of the left testicle constituted "more than considerable emotional impact."

The urologist who performed the surgery, when asked whether the claimant had suffered any functional impairment, answered as follows:
"Well, I haven't had an opportunity to examine him since he healed up. All I know is he has one less testicle, and I am not sure that would be of any consequence other than how he feels about it, you know, from an emotional standpoint."
There is nothing in the record to indicate either that the claimant was rendered impotent or that emotional impact resulted from the surgery.

Neither does the record in this case support a finding of industrial disability or loss of earning capacity, as distinct from a mere functional disability. *Colorado Fuel & Iron Corp. v. Industrial Commission,* 151 Colo. 18, 379 P.2d 153 (1962); *Byouk v. Industrial Commission,* 106 Colo. 430, 105 P.2d 1087 (1940).

The decision of the court of appeals is reversed and the cause returned to it for remand to the Industrial Commission with directions to deny the award.

---

[1]The epididymis is an elongated cord-like structure in which spermatazoa is stored after being produced in a testicle.