Jackie R. MATTHEWS, Petitioner,

v.

The INDUSTRIAL COMMISSION of the State of Colorado, Acme Delivery Service, Inc., and Western Casualty and Surety Company, Respondents.

No. 79CA0975.

Colorado Court of Appeals, Div. III.

Nov. 13, 1980.

Rehearing Denied Dec. 11, 1980.

---

Fogel, Keating & Wagner, P. C., James M. Robinson, Denver, for petitioner.

Glasman, Jaynes & Carpenter, James L. Carpenter, Denver, for respondents Acme Delivery Service, Inc. and Western Casualty and Surety Co.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., William Levis, Asst. Atty. Gen., Denver, for respondent Industrial Commission of the State of Colorado.

BERMAN, Judge.

Petitioner seeks review of the Industrial Commission's denial of his claim for permanent partial disability benefits under Colorado's Workmen's Compensation Act. We affirm.

Petitioner was injured in a fall from a loading dock on February 3, 1978. His employer and its insurer admitted liability and paid petitioner workmen's compensation benefits for temporary total disability through February 20, 1978. On that date, petitioner returned to work and has since lost no time caused by his injury.

After his return to work, a hearing was held to determine whether petitioner sustained any permanent disability attributable to his work-related injury. The hearing record included petitioner's testimony that as a result of his injury he had lost his senses of taste and smell, the report of petitioner's attending physician to the effect that petitioner had suffered no permanent physical disability resulting from his injury, and a letter from an examining neurologist which stated that petitioner appeared to be suffering from permanent traumatically induced anosmia (loss of sense of smell). That letter further stated, "I would recommend a three per cent partial permanent disability...."

The referee found petitioner to have sustained no impairment of his earning capacity as a proximate result of the subject injuries. In addition, the referee concluded that petitioner had sustained three per cent permanent partial physical impairment, and awarded benefits on that basis.

Upon review, the Industrial Commission sustained the referee's finding that petitioner had suffered no continuing impairment of his earning capacity. It found the evidence insufficient to show that petitioner's loss of sense of smell had any material effect on his current work performance or his future employability. As a result, the Commission reversed the referee's order and denied petitioner benefits for permanent partial disability.

I.

On this review, petitioner contends that the Industrial Commission erred in reversing the referee's order of permanent partial disability benefits. We disagree.

We note that the referee himself found petitioner to have suffered no permanent impairment of his earning capacity. Nevertheless, the referee awarded permanent disability benefits.

 As used in the Workmen's Compensation Act, "disability" means loss of earning capacity. *Colorado Fuel & Iron Corp. v. Industrial Commission*, 151 Colo. 18, 379 P.2d 153 (1962); *Byouk v. Industrial*

*Commission*, 106 Colo. 430, 105 P.2d 1087 (1940). Physical impairment alone does not necessarily imply such disability, for some anatomical impairments have no material effect on a person's status in the labor market. *Puffer Mercantile Co. v. Arellano*, 190 Colo. 138, 546 P.2d 481 (1975). Therefore, a loss of sense of taste or smell would not per se warrant an award for permanent partial disability. A further showing would be needed that such loss permanently impaired petitioner's earning capacity.

 The burden of proof is upon the claimant to establish his right to benefits. *Industrial Commission v. Ewing*, 160 Colo. 503, 418 P.2d 296 (1966). Where the Commission's determination that a claimant has failed to meet his burden is consistent with the evidence of record, that determination may not be disturbed on appeal. *Crandall v. Watson-Wilson Transportation Systems, Inc.*, 171 Colo. 329, 467 P.2d 48 (1970). Here, it is undisputed that petitioner's earnings are the same as before his injury. Nor was evidence offered to show that petitioner's job is jeopardized by his lack of the senses of taste and smell. Indeed, petitioner himself testified that he was earning as much as before the accident and that his employment was not threatened. The inquiry, though, may not end with such considerations. The referee was bound by statute to take into account "the general physical condition and mental training, ability, former employment, and education of" petitioner. Section 8–51–108(1)(b), C.R.S. 1973 (1979 Cum.Supp.). The record is complete with respect to those factors and reveals that the referee considered them. Nothing in them raises any inference that petitioner's employability has been or will be affected by his lack of the senses of taste or smell. Hence, the Commission was justified in concluding that petitioner suffered no permanent partial disability.

We do not intimate by our holding today that loss of sense of taste or smell could not in a different case provide a predicate for award of permanent partial disability benefits. We merely find no error in the Commission's conclusion that, given petitioner's own background and reasonable prospects, no sufficient showing of permanent earning incapacity was made upon which properly to base such an award.[1]

## II.

Petitioner also argues that the Workmen's Compensation Act is unconstitutional. Because it appeared that § 13–4–102(1)(b), C.R.S.1973, excludes such issues from our jurisdiction, this case was transferred to the Colorado Supreme Court upon conclusion of oral argument.

 The Supreme Court, by order 80SA0309 dated August 5, 1980, transferred the matter back to this court. On August 18, 1980, the Supreme Court, in an unnumbered order (reproduced as Appendix A hereto) issued in case 80CA0673, stated that, under § 13–4–102(1), C.R.S.1973:

[T]here is no exception to the jurisdiction of the Court of Appeals to review Industrial Commission cases wherein the constitutionality of a statute is in question. The only such exception pertains to review of final judgments of district and other courts.

In light of this disposition of the jurisdictional question, we proceed to the merits of petitioner's constitutional argument. Petitioner points out that the Act contains a schedule of injuries that are compensable

---

1. *Cf. Scott v. C. E. Powell Coal Company*, 402 Pa. 73, 166 A.2d 31 (1960) (claimant would have been entitled to compensation, on the basis of permanent partial disability, for his employment-related permanent loss of senses of taste and smell but-for the Pennsylvania Act's express preclusion of such award where actual earnings are as great as before the accident). In *Scott*, the court stated by way of dictum:

[I]f we should assume that an employee's occupation was that of a wine taster, or that his duties required him to blend tobaccos; in other words, if the duties of his occupation require the use of his senses of taste or smell, and an accidental injury deprived him of those senses, then, necessarily, he is disabled for the performance of the duties of his occupation, and he would be entitled to compensation under the Act for such disability as reflected in his earnings.

per se, that is, an award can be made upon proof of such injuries with no showing that loss of earning capacity has resulted. *See* § 8–51–104, C.R.S.1973. In contrast, a non-scheduled injury, such as is petitioner's, provides a basis for compensation only upon a showing that loss of earning capacity results from the injury. Section 8–51–108, C.R.S.1973. Petitioner asserts that non-scheduled injuries can be as severe or more severe than those enumerated in the statutory schedule. It is urged, therefore, that to require petitioner to prove loss of earning capacity is to deny him equal protection of law. We disagree.

 To pass muster under constitutional guarantees of equal protection, a statutory classification must have a rational basis. *Anaya v. Industrial Commission*, 182 Colo. 244, 512 P.2d 625 (1973). The provisions of the statutory scheme challenged here reflect the General Assembly's conclusion that the scheduled injuries are of a kind which is so likely to result in loss of earning capacity that proof of such loss is unnecessary. Examination of the scheduled items reveals that the General Assembly was entitled to reach such a conclusion. It would, moreover, be inconsistent with legislative reality to require the General Assembly to consider *every* conceivable injury for its probable impact on earning capacity before that assembly may deem *any* injury compensable per se. That proof of loss of earning capacity is required for injuries falling outside the schedule thus works no denial of equal protection. *Imrich v. Industrial Commission*, 13 Ariz.App. 155, 474 P.2d 874 (1970).

Order affirmed.

RULAND and KELLY, JJ., concur.

## APPENDIX A

IN THE SUPREME COURT OF THE STATE OF COLORADO

No._____

RECEIVED

AUG 19 1980

MAC V. DANFORD
Clerk, Court of Appeals

DENNIS A. MEYER, and
DOROTHY A. MEYER,

 Petitioners,

 vs.

THE INDUSTRIAL COMMISSION OF
COLORADO (Ex-officio Department of Labor and
Employment), CHARLES McGRATH,
DIRECTOR OF THE DIVISION OF
LABOR, FRONTIER AIRLINES,
INC., and NIAGARA FIRE
INSURANCE COMPANY,

 Respondents.

ORDER

Court of Appeals No.
80CA0673

Upon consideration of the Request For Determination of Jurisdiction filed herein, the Court finds that this matter is an appeal pursuant to C.R.S. 8–53–108 (1973) to review a workmen's compensation final order of the Industrial Commission of Colorado.

The Court Finds that C.R.S. 13–4–102(2) (1973, as amended) provides that, "the Court of Appeals shall have initial jurisdiction to review awards or actions of the industrial commission, as provided in articles 53 and 74 of Title 8, C.R.S.1973. . . ."

The Court Further Finds that there is no exception to the jurisdiction of the Court of Appeals to review Industrial Commission cases wherein the constitutionality of a statute is in question. The only such excep-

tion pertains to review of final judgments of district and other courts. See C.R.S. 13–4–102(1) (1973).

Thus Finding, It Is This Day Ordered that the Motion to Transfer to the Supreme Court shall be, and the same hereby is, Denied, as jurisdiction properly lies in the Court of Appeals.

BY THE COURT, AUGUST 18, 1980.