**CASA BONITA RESTAURANT, and Liberty Mutual Insurance Company, Petitioners,**

v.

**INDUSTRIAL COMMISSION OF THE STATE OF COLORADO, Director, Department of Labor and Employment, Division of Labor, State of Colorado, and Deborah D. Penn, Respondents.**

**No. 82CA0890.**

Colorado Court of Appeals, Div. III.

March 31, 1983.

Rehearing Denied April 28, 1983.

Zarlengo, Mott & Zarlengo, Tama L. Levine, Denver, for petitioners.

J.D. MacFarlane, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Patricia Blizzard, Asst. Atty. Gen., Denver, for respondent Industrial Com'n of Colorado.

Marlin W. Burke, Wheatridge, for respondent Deborah D. Penn.

---

\* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of

SILVERSTEIN,\* Judge.

Petitioners seek review of an Industrial Commission order which determined that claimant, Deborah Penn, was a minor on the date she sustained the injury which resulted in her permanent total disability. We affirm.

It is undisputed that on the date of the injury claimant was twenty years, six weeks old; that the date of the injury is the determinative date; and that if claimant, under the law, was a minor on that date, she is entitled to maximum benefits. *See* § 8–47–101(5), C.R.S.1973.

## I.

The basic statute, § 2–4–401, C.R.S.1973 (now in 1980 Repl.Vol. 1B), provides:

"The following definitions apply to every statute, unless the context otherwise requires:

. . . .

"(2) 'Court' means court of record.

. . . .

"(6) 'Minor' means any person who has not attained the age of twenty-one years. No construction of this subsection (6) shall supersede the express language of any statute."

Petitioners contend that § 13–22–101(1), C.R.S.1973, contains express language which renders the above-section inapposite here. That section provides:

"Notwithstanding any other provision of law enacted or any judicial decision made prior to July 1, 1973, every person, otherwise competent shall be deemed to be of full age at the age of eighteen years or older for the following specific purposes:

. . . .

"(c) To sue and be sued in any action to the full extent as any other adult person in any of the courts of this state, without the necessity for a guardian ad litem or someone acting in his behalf."

the *Colo. Const.* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1982 Cum.Supp.).

Petitioners contend that the filing of a claim for workmen's compensation before the Industrial Commission constitutes suing in a court of this state and that, therefore, claimant must, under the terms of the last-quoted statute, be regarded as an adult in determining her benefits. Rejecting this argument, the Commission ruled that it was a tribunal of the executive branch of government and that, although it performed quasi-judicial duties, it was not a court as defined by § 2–4–401(2), C.R.S. 1973. It therefore held that § 2–4–401(6), C.R.S.1973, controlled. We agree with the Commission.

The Commission's order is in accord with the ruling of our Supreme Court set forth as Appendix A to *Matthews v. Industrial Commission*, 627 P.2d 1123 (Colo.App. 1980). There, the court emphasized the distinction between a court and the Industrial Commission by pointing out that the exception to the jurisdiction of the Court of Appeals in cases concerning the constitutionality of a statute applies only to review of final judgments of district and other courts, but does not apply to petitions for review of final orders of the Industrial Commission.

## II.

Contrary to petitioner's contention, § 8–47–101(5), C.R.S.1973, which sets forth the compensation payable to minors, contains no language which would supersede § 2–4–401(6). Thus, the compensation awarded by the Commission's final order is correct.

## III.

Claimant's motion for attorney's fees and costs is denied. As to her motion for an award of interest, the payment of interest on an award is governed by § 8–52–109(2), C.R.S.1973.

The order of the Industrial Commission is affirmed.

VAN CISE and KELLY, JJ., concur.