**VAIL ASSOCIATES, INC., and Valley Forge Insurance Company, Petitioners,**

**v.**

**Robert Dean WEST and Industrial Commission of the State of Colorado, Respondents.**

**No. 82CA0077.**

Colorado Court of Appeals, Div. II.

Nov. 4, 1982.

As Modified on Denial of Rehearing Dec. 23, 1982.

Certiorari Granted April 18, 1983.

---

Knapp & Lee, P.C., Robert A. Weinberger, Denver, for petitioners.

Greengard, Blackman & Senter, Lawrence D. Blackman, Robert J. Thomas, Denver, for respondent Robert Dean West.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Lynn Palma, Asst. Atty. Gen., Denver, for respondent Indus. Com'n.

STERNBERG, Judge.

The determinative issue in this review is whether worker's compensation benefits are available to an employee where injury results in permanent partial disability which prevents him from performing his job, but where the employee obtains other employment at a higher salary. The Industrial Commission awarded benefits and we affirm.

The claimant was employed by Vail Associates as a ski instructor during the winter. He also painted houses during the summer. In February 1975, he suffered an injury to his low back while skiing in the course of his employment. The employer admitted liability for permanent disability calculated to be 4–¼% as a working unit, and claimant received an award based on this figure. Following surgery to remove a disc, claimant returned to work.

In March 1978, claimant petitioned to reopen his claim, alleging a worsening of his condition. Supported by a medical report, claimant testified he could no longer perform the work of ski instructor or painter. He testified to limited ability to stand and sit for extended periods, or to lift dead weight. Claimant is still able to engage in recreational skiing and other physical activity, but cannot perform the more strenuous work of skiing instructor or house painter. Prior to the hearing, claimant underwent a second surgical procedure which further limited his movement. Thereafter, he obtained employment as a real estate salesman and earned approximately $90,000 during fiscal year April 1979 through April 1980. In contrast, as a ski instructor he could earn a maximum of $30,000 per year. Following the hearing in August 1980, but before entry of the order, the parties stipulated to permanent physical impairment of 10% as a working unit.

██ Relying upon *Matthews v. Industrial Commission,* 627 P.2d 1123 (Colo.App.1980), the employer argues that lost earning capacity is a condition precedent to an award for permanent disability, and that, absent impairment of earnings, physical impairment is insufficient as a basis for an award. Thus, the employer contends that the claimant was not disabled, as that term is used in the Act. We disagree.

In *Matthews,* the claimant lost his sense of taste and smell but was able to continue his former occupation at the same salary. The commission applied § 8–51–108(1)(b), C.R.S. 1973, and found no evidence that the claimant's future employability would be affected by his lack of the senses of taste or smell. Based on this finding, the commission concluded that physical impairment alone was not sufficient to prove disability as that term is used in the Act.

Here, on the other hand, the commission found on supporting evidence that the claimant's disability precludes him from performing his chosen occupation and limits his employment horizons by excluding him from potentially available jobs. Based on

this finding, the commission properly concluded that the claimant's injury would adversely affect his future earning capacity.

■ As used in the Act, "disability" means loss of earning capacity. But loss of present earning capacity is but one factor to be considered. Section 8–51–108(1)(b), C.R.S.1973, enumerates several factors to be considered in determining permanent partial disability, including, *inter alia,* mental training, ability, former employment, and education. Thus, we hold that implicit in this enumeration is the concept that the future employability of a claimant is a component of his earning capacity.

Relevant to the issue here is the holding in *Evans v. Aurora Elevator Co.,* 631 P.2d 1201 (Colo.App.1981) that post-injury earnings do not always accurately reflect lost earning capacity, and the holding in *Employers Mutual of Wausau v. Eidson,* 646 P.2d 959 (Colo.App.1982) that an increase in post-injury income in and of itself does not render improper an award for loss of earning capacity. The rationale for these decisions is well stated in 2 *A. Larson, Law of Workmen's Compensation* § 57.11:

> "[A]n insistence on wage loss as the test would deprive the claimant of an award, thus not only penalizing his laudable efforts to make the best of his misfortune but also fostering the absurdity of pronouncing a man nondisabled in spite of the unanimous contrary evidence of medical experts and of common observation. The proper balancing of the medical and the wage loss factors is, then, the essence of the 'disability' problem in workmen's compensation."

Here, the evidence and inferences to be drawn therefrom support the commission's finding that the claimant's earning capacity has been or will be impaired, and we are, therefore, not at liberty to disturb the award. *See American Metals Climax, Inc. v. Cisneros,* 195 Colo. 163, 576 P.2d 553 (1978).

The order is affirmed.

PIERCE and BERMAN, JJ., concur.