Agnes B. CHAMBERS, Petitioner,

v.

CF & I STEEL CORPORATION and the Industrial Claim Appeals Office of the State of Colorado, Respondents.

No. 87CA1652.

Colorado Court of Appeals, Div. IV.

June 30, 1988.

Steven U. Mullens, P.C., Steven U. Mullens, James A. May, Colorado Springs, for petitioner.

Allan R. Cooter, Pueblo, for respondent CF & I Steel.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Kathryn J. Winters, Asst. Atty. Gen., Denver, for respondent Industrial Claim Appeals Office.

JONES, Judge.

In this workmen's compensation case, Agnes B. Chambers (claimant) seeks review of the final order of the Industrial Claim Appeals Office which affirmed the hearing officer's exclusion of her expert witness's testimony concerning the issue of her permanent disability. We set aside the order and remand for further proceedings.

The record reflects no dispute as to claimant's permanent and total disability. The parties disputed, however, the extent of claimant's total disability attributable to her industrial accident as opposed to other non-industrial conditions. Claimant's physician opined that the accident resulted in a two and one-half percent permanent partial disability. In addition, claimant attempted to elicit testimony from a vocational rehabilitation counselor (counselor) concerning the extent to which each of claimant's physical restrictions (industrial and non-industrial in origin) rendered claimant unemployable from a vocational, rather than medical, standpoint.

The hearing officer excluded this testimony finding that such a determination was strictly medical in nature and thus outside the counselor's expertise. The hearing officer also found that the proffered testimony would invade the province of the trier of fact.

On review, claimant asserts that it was error to exclude this testimony. We agree.

 We conclude that the hearing officer erred in ruling that the counselor could not testify as to which of the restrictions caused claimant to be totally disabled from a vocational standpoint. The counselor was not called to challenge the restrictions imposed, but rather to testify as to the vocational characteristics of these restrictions. Contrary to the hearing officer's conclusion, the proffered opinion was within the counselor's expertise.

 We also disagree with the hearing officer that the proffered testimony invaded the province of the trier of fact. The extent of claimant's industrial impairment is not necessarily restricted to medical considerations. *See* § 8–51–108(1)(b), C.R.S.

(1987 Cum.Supp.); *Byouk v. Industrial Commission*, 106 Colo. 430, 105 P.2d 1087 (1940). Therefore, the counselor's attempt to elaborate on this issue does not impermissibly pass judgment on the validity of the medical opinion.

Additionally, as is set forth in *Colorado Dept. of Revenue v. Kirke*, 743 P.2d 16 (Colo.1987), the Colorado Rules of Evidence apply in special statutory proceedings to the extent that matters of evidence are not otherwise provided for in the statute governing procedures in the statutory proceeding. See CRE 1101(e). Section 8–53–115, C.R.S. (1986 Repl.Vol. 3B) provides specifically that the rules of evidence are applicable in workmen's compensation hearings. *See Churchill v. Sears, Roebuck & Co.*, 720 P.2d 171 (Colo.App.1986).

Thus, even to the extent that the counselor's testimony may have been a reflection on the degree of industrial disability, such testimony, which we conclude is otherwise admissible, cannot properly be excluded merely because it embraces an ultimate issue to be decided by the trier of fact. See CRE 704; *Zertuche v. Montgomery Ward & Co.*, 706 P.2d 424 (Colo.App.1985). The same rationales which validate the use of CRE 704 sanctioned evidence in criminal cases, *People v. Collins*, 730 P.2d 293 (Colo.1986), and in civil cases, *Zertuche v. Montgomery Ward & Co., supra*, lead us to conclude that such evidence, under appropriate circumstances, is admissible in administrative proceedings. Thus, the hearing officer erred in excluding the counselor's testimony.

Finally, since the hearing officer strictly followed the medical opinion in determining the degree of claimant's industrial disability, the exclusion of the counselor's testimony cannot be considered harmless error. See § 8–53–122, C.R.S. (1986 Repl.Vol. 3B). This is especially true in that the hearing officer here specifically referred to the lack of any other evidence of impaired earning capacity after having excluded the proffered testimony on that very issue.

The order is set aside and the cause is remanded for a new hearing on the issue of permanent disability.

BABCOCK and CRISWELL, JJ., concur.