[No. 4342]

In re Senate Bill No. 27, to Regulate the Payment of Wages in Lawful Money of the United States.

Constitutional Law—Question from Senate.

A bill requiring corporations to pay their employees semi-monthly in lawful money of the United States, prohibiting contracts in violation thereof and providing penalties for its violation involves private rights and a question from the senate as to the constitutionality of such bill does not invoke the jurisdiction of the supreme court so as to require an opinion thereon under section 3, article 6 of the constitution.

*Original Proceeding.*

*Questions from the Senate.*

Mr. A. W. Arrington, Mr. John Murphy and Mr. Charles E. Gast for the constitutionality of the bill.

Mr. Willard Teller and Mr. Calvin E. Reed against the constitutionality of the bill.

Mr. CHARLES C. POST Attorney General ' and Mr. CAESAR
A. ROBERTS assistant attorney general *amici curiœ.*

*Per Curiam*—Under the provisions of section 3 of article
6 of the constitution, the senate of the thirteenth general
assembly, now in session, has asked the court for its opinion
as to the constitutionality of Senate Bill No. 27, as amended,
which is a bill for "An act providing for the regulation of
the payment of wages, in lawful money of the United States,
and providing a penalty for the violation thereof."

For the purposes of the opinion, it is sufficiently exact
to say that the general object of the bill is to require all
private corporations doing business within this state, except
railroad corporations and corporations exclusively operating
ditches, canals or reservoirs, to pay to their employees the
wages earned each and every fifteen days in lawful money of
the United States, payable on the fifth and twentieth of each
calendar month for all wages earned up to and within five
days of such payment.   Section 5 declares that any contract
or agreement made between any corporation and any parties
in its employ, whose provisions shall be in violation, evasion
or circumvention of the act, shall be unlawful and void.   In
sections 2 and 7 penalties are prescribed for a violation of
the provisions of the act, and attorneys' fees are awarded to
the successful party in suits brought by employees to collect
their wages thereunder.   Section 8 provides that corporations
hereafter organized for pecuniary profit, except railroad com-
panies, shall be deemed to have incorporated with special
reference to the provisions of the act, and the obligation to
comply with its provisions shall be deemed the condition
upon which the incorporation is granted by the state.

Learned counsel have appeared in support of, and against,
the validity of the proposed act.   It was contended by coun-
sel who challenged the constitutionality of the measure, and
conceded by counsel who asserted its validity that, if the

court adhered to its established practice in such cases, it must decline to answer the questions propounded by the honorable senate. During the session of the twelfth general assembly, this court in *In re House Bill No. 99*, reported in 26 Colo. 140, re-announced, and conformed to, the general practice prevailing since the matter was first considered, and withheld opinion on the questions submitted. A number of cases were there cited to the same point. The object of the bill then under consideration was the same as one of those embodied in the present one, viz., to secure to a certain class of laborers payment of wages in lawful money of the United States. The present bill goes further, and also makes mandatory the semi-monthly payment of wages. The two objects are the same in kind in that they relate solely to private rights of individuals and corporations; and it has been repeatedly held that, in these *ex parte* proceedings, such considerations do not invoke the jurisdiction of this court under the section of the constitution which requires the supreme court to "give its opinion upon important questions upon solemn occasions."

Again, and for the reasons stated in *In re House Bill No. 99*, *supra*, we follow the established practice in withholding our opinion upon the questions contained in the accompanying resolution.