Robert M. SEAMAN and Suzie K. Seaman, Plaintiffs–Appellees,

v.

COLORADO MANUFACTURED HOUSING LICENSING BOARD, Defendant–Appellant.

No. 90CA1901.

Colorado Court of Appeals, Div. II.

Dec. 19, 1991.

Rehearing Denied Jan. 16, 1992.

Certiorari Denied June 22, 1992.

Richard E. Hartman, Joseph B. Hartman, Englewood, for plaintiffs-appellees.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Sherrie D. Vincent, Asst. Atty. Gen., Denver, for defendant-appellant.

Opinion by Judge ROTHENBERG.

Defendant, Colorado Manufactured Housing Licensing Board (licensing board), appeals the judgment entered in favor of plaintiffs, Robert M. and Suzie K. Seaman, awarding each plaintiff $25,000 from the manufactured housing recovery fund. We reverse and remand with directions.

## I.

In December 1988, plaintiffs were awarded a judgment for $42,500 plus interest and costs against a company and several individuals based upon fraud, misrepresentation, and breach of warranty regarding the sale of one mobile home.

After plaintiffs' efforts to collect from the defendants in that action proved unsuccessful, they filed a verified application for payment of monies from the manufactured housing recovery fund pursuant to § 12–51.5–204, C.R.S. (1991 Repl.Vol. 5A). The fund was designed to permit a limited recovery to persons damaged by the misconduct of a manufactured housing licensee. It is funded from fees charged to manufactured housing dealers and salespersons.

Following a hearing, the trial court found that the total unpaid amounts including interest and attorney fees exceeded $50,000, that plaintiffs were two individual claimants, and that the maximum recoverable amount was $25,000 for each claimant.

The trial court rejected the licensing board's contention that, since there was only one mobile home and one transaction, the Seamans had only one claim and were only entitled to a total of $25,000. Thus,

the court ordered that each plaintiff be paid $25,000 from the recovery fund.

## II.

The licensing board contends that recovery under the manufactured housing recovery fund is governed by the number of *claims*, not the number of *claimants*. Thus, it contends that the trial court erred in finding the fund liable for $50,000 ($25,000 to each plaintiff) rather than for a total of $25,000. We agree.

Section 12–51.5–204(1) provides that a person who has purchased a mobile home and has obtained a final judgment against a licensed mobile home dealer or salesman on the grounds of failure to honor warranties or guarantees, fraud, or willful misrepresentation, may file a verified application for an order directing payment out of the fund for the amounts that remain unpaid on the judgment. That section further provides:

Nothing in this section shall obligate the fund for more than twenty-five thousand dollars with respect to any *one claim* or fifty thousand dollars with respect to any one licensed dealer if the transaction out of which the claim arises occurs after July 1, 1981. (emphasis added)

If statutory language is clear and unambiguous, there is no need to resort to interpretive rules of statutory construction. However, if the statutory language lends itself to alternative constructions and its intended scope is unclear, a court may look to pertinent legislative history to determine the purpose of the legislation. *24, Inc. v. Board of Equalization,* 800 P.2d 1366 (Colo.App.1990). *See also People v. Leedom,* 781 P.2d 173 (Colo.App.1989) (primary task of the court of appeals in construing a statute is to ascertain and give effect to the intent of the General Assembly). Here, we find resort to legislative history is necessary to ascertain the legislative intent.

At the Senate State Affairs committee meeting concerning the statute here at issue, the senators discussed the amendment that limited the recovery fund's liability to $25,000 per claim. According to the testi-

mony there, the $25,000 limit was to apply to each action filed. There is no indication in the legislative history suggesting an intent to allow each individual involved in a single claim to receive $25,000. *See* Meeting of Senate State Affairs Committee, 53rd General Assembly, 1st Regular Session (March 23, 1981). *See also* Meeting of House Local Government Committee, 53rd General Assembly, 1st Regular Session (April 20, 1981) (representatives opposed amendment to § 12–51.5–204(1) increasing the maximum liability with respect to any one licensed dealer from $50,000 to $100,000; opponents noted that the recovery fund was self-funded and large recoveries would drain fund).

Based on this legislative history, we hold that § 12–51.5–204(1) limits recovery under the manufactured housing recovery fund to $25,000 for any one claim, regardless of the number of claimants. *Cf.* §§ 12–61–302(6)(a) and (b), C.R.S. (1991 Repl.Vol. 5B) (In regard to Real Estate Recovery Fund, allowing maximum of $15,000 "per claimant" for applications filed before July 1, 1991, and thereafter $15,000 "per transaction regardless of the number of persons aggrieved").

Here, plaintiffs filed a single verified application for recovery from the fund based upon an unpaid judgment that they had obtained as co-plaintiffs. Their one judgment resulted from a single transaction. Thus, although there were two claimants, there was only one claim against the recovery fund, and therefore, the Seamans were entitled to receive a maximum recovery of $25,000.

The judgment is reversed, and the cause is remanded to the trial court with directions to the trial court to enter judgment in favor of plaintiffs jointly and severally for $25,000.

TURSI and JONES, JJ., concur.