QUESTION PRESENTED AND CONCLUSION:
Does Section 24-30-206(1)(a), C.R.S. (1995 Supp.), which requires governing boards within the Department of Higher Education to annually report to the Governor their proposed allocation of general funds, tuition receipts, and indirect cost recoveries, require that separate allotments be shown for each constituent institution, or may such governing boards submit only aggregate figures for all institutions under their control?
For purposes of the State's financial accounting system, the State Controller has assigned a separate agency number to each institution of higher education. Each governing board of the Department of Higher Education must, therefore, submit to the Governor, through the State Controller, work programs that contain separate budget allotments for each such institution.
ANALYSIS:
The General Assembly has directed that all branches of state government annually prepare an advance proposal that outlines their proposed budgets for the approaching fiscal year. Section24-30-206, C.R.S. (1995 Supp.). The reporting requirements applicable to the executive branch are set forth in Section24-30-206(1)(a), C.R.S. (1995 Supp.), which states as follows:
 Not later than July 1 of each year, the governor shall require the head of each department of the executive branch of state government to submit to him through the controller a work program for the ensuing fiscal year. For purposes of this section, in the case of the department of higher education, the governing boards of institutions of higher education shall perform the duties specific for the head of a department with respect to institutions under their control, and the executive director of the department of higher education shall perform the duties specified for the head of a department with respect to the Colorado commission on higher education. Such program shall include allotments of all appropriations and other funds from any source made available to said department for its operation and maintenance and for the acquisition of property; except that, in the case of the department of higher education, such program shall include allotments of all general fund appropriations and cash funds in the form of tuition and indirect cost recoveries and need not include other cash funds or funds from other sources made available to said department. The program shall show the requested allotments of said appropriations and other funds by quarters for the entire fiscal year and shall separately set forth the requested quarterly allotments of general fund appropriations. Separate allotments shall be submitted for each separate agency number in the state's accounting system assigned by the division of accounts and control. The governor, with the assistance of the controller and the office of state planning and budgeting, shall review the requested allotments with respect to the work program of each department, and the governor shall, if he deems it necessary, revise, alter, or change such allotments before approving the same.
(Emphasis added).
The primary goal of statutory construction is to ascertain and give effect to the intent of the General Assembly.Colorado Common Cause v. Meyer, 758 P.2d 153,160 (Colo. 1988). Statutes must be construed in light of the entire statutory scheme of which they are a part.State Highway Comm'n. v. Haase, 189 Colo. 69,75, 537 P.2d 300, 305 (1975). If a statute is plain and its meaning is clear, it must be interpreted as written.Casados v. City and County of Denver, 832 P.2d 1048,1050 (Colo.App. 1992). If statutory language is clear and unambiguous, there is no need to resort to interpretive rules of statutory construction. Seaman v. ManufacturedHousing Licensing Bd., 832 P.2d 1041, 1042 (Colo.App. 1991).
The statute in issue is part of the State Controller's statutory scheme at Title 24, Article 30, Part 2, C.R.S. (1988 
1995 Supp.). The State Controller is empowered to coordinate the financial affairs for the entire state government. Section24-30-201, C.R.S. (1988 and 1995 Supp.). His precise duties with respect to the actual disbursement of funds are set forth §24-30-202, C.R.S. (1988 1995 Supp.), while the duties pertaining to tracking the State's proposed expenditure of revenues are set forth in § 24-30-206, C.R.S. (1988 1995 Supp.). The State Controller is also charged with maintaining a "unified and integrated" accounting system to accurately track the State's revenues, expenditures, and fund balances.See § 24-30-202(11), (12), C.R.S. (1988 1995 Supp.). See also § 24-30-201(1)(f), C.R.S. (1988).
To assist the State in managing its budget during the course of each fiscal year, the General Assembly has mandated that all three branches of state government report in advance how they plan to allot funds among their various functions. Section24-30-206(1)(a) and (1)(b), C.R.S. (1995 Supp.). The reports are termed "work programs" in the statute. They are essentially proposed budgets, which address on a quarterly basis how anticipated revenues will be allocated for expenditure among various functions. The State Controller is required to coordinate such reporting of executive branch revenue and expenditure plans to the Governor. Section 24-30-206(1)(a). The Department of Higher Education and its governing boards are expressly included in the executive branch reporting requirements, except that Higher Education need only report allotments of general funds, cash from tuition, and indirect cost recoveries. Id. Each branch of state government is required to report allotments according to the State Controller's breakdown of agencies for financial accounting purposes. Section24-30-206(1), C.R.S. (1995 Supp.)
In order to discharge his duty of accurately accounting for revenues and associated disbursements, the State Controller has assigned, in the State's financial accounting system, separate numbers for state agencies. Each institution of higher education is assigned its own agency number in this system. Although the General Assembly has constrained itself from utilizing a separate line item appropriation for each campus or institution, pursuant to § 23-1-104(1)(a), C.R.S. (1995), the State Controller is not similarly constrained in the statutes governing management of the State's financial affairs. See § 24-30-202(11), (12).
Section 24-30-206(1)(a) is clear and unambiguous as to the narrow question presented. A separate allotment "shall" be submitted for each separate agency number. Each institution of higher education has a separate agency number in the state's financial accounting system. The legal authority for separate agency numbers by institution has not been questioned. Nor is there any issue as to which revenues must be reported. Each governing board must, therefore, perform its duties as stated in the statute by submitting separate allotments for each agency number. There is no indication whatsoever in the statute that the governing boards are exempt from this requirement.
An earlier informal opinion authored on December 7, 1992, addressed the issue of whether the statutory obligation to allot appropriations according to Section 24-30-206(1)(a), C.R.S. (1992 Supp.) applies to each governing board or to each separate institution. The conclusion of that opinion was that the statutory obligation to allot appropriations applies to the governing boards of institutions of higher education and not to each institution. The earlier informal opinion did not conclude that governing boards are relieved of the obligation to break the allotments down by institution. There remains a statutory requirement in Section 24-30-206(1)(a) that separate allotments be submitted for each separate agency number in the State's accounting system. Where there are separate agency numbers that apply to individual institutions, the governing board work programs must reflect a corresponding breakdown of allotments.
CONCLUSION:
As part of the annual fiscal administration process, the governing boards of the post-secondary educational institutions in the Department of Higher Education are required to report to the Governor, through the State Controller, their budgets for the ensuing fiscal year. For consistency, the General Assembly has mandated reporting at the same level of detail as the system of financial accounting maintained by the State Controller. Since the State Controller has identified each institution of higher education by separate number, the governing boards must show work program allotments by institution as well.
Sincerely,
 GALE A. NORTON Attorney General
 DAVID M. KAYE First Assistant Attorney General State Services Division
FINANCE
Accounting Budgets and Appropriations Section 24-30-206(1)(a), C.R.S. (1995 Supp.)
Consistent with the current structure of the State Controller's financial accounting system, governing boards of institutions within the Department of Higher Education must report to the Governor in advance of each fiscal year their planned allotments of revenue from general funds, tuition and indirect cost recoveries by individual institution, and not in the aggregate by governing board.