**Glenn Fay LANG, Plaintiff–Appellant,**

v.

**COLORADO MENTAL HEALTH INSTITUTE IN PUEBLO,**
**Defendant–Appellee.**

No. 00CA1268.

Colorado Court of Appeals,
Div. I.

Sept. 13, 2001.

Certiorari Denied April 15, 2002.

Altman, Keilbach, Lytle, Parlapiano & Ware, P.C., David E. Ware, Pueblo, CO, for Plaintiff–Appellant.

Ken Salazar, Attorney General, Carol M. Caesar, Assistant Attorney General, Denver, CO, for Defendant–Appellee.

Opinion by Judge DAVIDSON.

In this action brought under the Wage Claim Act (the Act), § 8–4–101, et seq., C.R.S.2000, plaintiff, Glenn Fay Lang, appeals from the judgment of the trial court dismissing his complaint against defendant, the Colorado Mental Health Institute in Pueblo, a division of the Department of Human Services of the State of Colorado. The trial court determined that the Act did not apply to defendant as an agency of the state. We agree and therefore affirm.

Plaintiff was defendant's employee until his termination in 1995. Plaintiff appealed his termination to the State Personnel Board (the Board), pursuant to § 24–50–125, C.R.S. 2000. The Board found plaintiff's termination wrongful and ordered his reinstatement with back pay and benefits.

Plaintiff was reinstated with back pay in 1998, but believed he was still owed additional back pay and benefits. Plaintiff did not seek relief from the Board, but instead filed suit in district court, seeking, under the Act, the remainder of his unpaid wages, unpaid shift differential, unpaid or uncredited back vacation pay and sick time credit, accrued interest, and attorney fees.

Defendant filed a motion to dismiss pursuant to C.R.C.P. 12(b)(5), which the court granted on the grounds that, *inter alia,* the Act did not apply to defendant. Plaintiff now argues that this was error. We disagree.

As relevant here, "employer" is defined in the Act as:

> every person, firm, partnership, association, corporation, migratory field labor contractor or crew leader, receiver, or other officer of court in Colorado, and any agent or officer thereof, of the above mentioned classes, employing any person in Colorado.

Section 8–4–101(6), C.R.S.2000. The definition, however, also lists exceptions:

> [t]he provisions of this article shall not apply to counties, cities and counties, municipal corporations, quasi-municipal corporations, school districts, and irrigation, reservoir, or drainage conservation companies or districts organized and existing under the laws of Colorado.

Section 8–4–101(6).

◼ Plaintiff argues that, because the Act applies to all employers not specifically exempted under the statute, the state is an employer under the Act. We agree with defendant that the General Assembly did not intend to include the state within the Act's purview.

◼ An exception in a statute amounts to an affirmation of the application of its provisions to all other cases not excepted and excludes all other exceptions. *See New York Indemnity Co. v. Industrial Comm'n,* 86 Colo. 364, 281 P. 740 (1929). An exception not made by the legislature is not to be read into the statute. *See Karoly v. Industrial Comm'n,* 65 Colo. 239, 176 P. 284 (1918); *see also Reale v. Board of Real Estate Appraisers,* 880 P.2d 1205 (Colo.1994)(expressio unius est exclusio alterius—the expression of one thing is the exclusion of another).

◼ Here, the Act does not list the state in its definition of employer. However, neither does it list the state in its catalogue of exceptions. Under rules of statutory construction, the two cancel each other out, effectively rendering the statute silent as to its applicability to the state.

◼ Consequently, because the statutory provisions do not speak to the matter at issue, we interpret the statute to comport with what we conclude are the General Assembly's objectives. *See Brock v. Nyland,* 955 P.2d 1037 (Colo.1998). In doing so, we may look to pertinent legislative history to ascertain the General Assembly's intent. *See Seaman v. Colorado Manufactured Housing Licensing Bd.,* 832 P.2d 1041 (Colo.App. 1991).

Although amended since its adoption, the Act has retained its basic scheme, requiring regular, periodic payments to an employee throughout his employment and immediate payment of all earned and unpaid wages or compensation upon termination. *See §§ 8–4–104(1), 8–4–105,* C.R.S.2000; *Jet Courier Service, Inc. v. Mulei,* 771 P.2d 486 (Colo. 1989).

The Act originally was enacted in 1901, under the title "An Act Providing For The Regulation Of The Payment Of Wages, Of Employees Of Corporations And Providing A Penalty For The Violation Thereof," as part of the chapter entitled "Corporations." The statute applied to "[a]ll private corporations doing business within this state, except railroad corporations." Colo. Sess. Laws 1901, ch. 55, at 128.

In an early interpretation of the Act, the supreme court stated that "the general object of the bill is to require all private corporations doing business within this state . . . to pay to their employees the wages earned each and every fifteen days in lawful money of the United States." *In re Senate Bill No. 27,* 28 Colo. 359, 360, 65 P. 50, 50 (1901).

Early versions of the Act do not explicitly define "employer." However, in 1919, the Act was amended to apply to "[a]ll private and quasi-public corporations doing business

within this state," Colo. Sess. Laws 1919, ch. 183, § 1 at 617, and the same pertinent language was retained through the 1953 statutes. *See* § 80–10–1, C.R.S.1953. The 1953 statutes further clarified that "[a]ll private or quasi-public corporations organized for pecuniary profit shall be subject to the provision of sections 80–10–1 to 80–10–8." Section 80–10–8, C.R.S.1953.

The Act did not contain a definition of "employer" until 1959, when it was amended to read:

> Whenever used in this act "employer" includes every person, firm, partnership, association, corporation, receiver, or other officer of court in Colorado, and any agent or officer thereof, of the above mentioned classes, employing any person in Colorado, provided, however, that the provisions of this act shall not apply to counties, cities and counties, municipal corporations, quasi municipal corporations, school districts, and irrigation, reservoir, drainage conservation company or district organized and existing under the laws of Colorado.

Colo. Sess. Laws 1959, ch. 166, § 2 at 537.

As presently enacted, the Act closely resembles the 1959 amendment, defining a variety of entities as "employers." *See* § 8–4–101(6).

We conclude that this evolution of the definition of "employer" indicates a strong legislative intent to restrict the Act's applicability. Specifically, the language of the original statute referred to "Employees of Corporations," applying to "all private corporations." The supreme court's early interpretation of the Act required "all private corporations" to pay their employees in a timely manner. The later definition of "employer" in 1953 extended the scope of the Act to private corporations and quasi-public corporations, which are for-profit corporations providing an essential public service, such as electric companies or other utilities. *See Black's Law Dictionary* 344 (7th ed.1999). However, at no point in this linguistic expansion did the definition of "employer" extend beyond the realm of nongovernmental entities.

Now, the Act's exclusion of governmental entities such as counties, cities, and munici-

pal corporations accords with the earlier versions limiting the Act to the private sector, rather than extending it to the public sector. Contrary to plaintiff's contention, the language "receiver, or other officer of court" in the current version of the Act refers not to the state judicial department or any other public entity, but rather to court-appointed receivers, liquidators, and the like, of private corporations or unincorporated associations.

We also conclude that the General Assembly did not mention the state in its otherwise comprehensive list of excluded public entities because the personnel system of the state, but of no other public entity, is a creature of the Colorado Constitution. *Cf.* § 8–5–101(5), C.R.S.2000 (including the state as an employer where no conflict with the state constitution exists). Thus, for the General Assembly to include the state as an employer under the Act was not a viable option.

The Colorado Constitution establishes the state personnel system in article XII, section 13. *See also* § 24–5–101, et seq., C.R.S.2000. Pursuant to constitutional direction, the enabling statutes and rules of the state personnel system establish a comprehensive wage system, providing for the regular payment of employee salaries on the last day of each month. *See* § 24–50–104(8), C.R.S.2000. The enabling statutes also provide for resolution of wage claims within the personnel system, providing specifically for disciplinary proceedings and hearings, discrimination appeals, appeal procedures, and award of attorney fees. *See* §§ 24–50–125 to 24–50–125.5, C.R.S.2000. *See also* State Personnel Rules R–8–5, R–8–9, R–8–45, 4 Code Colo. Regs. 801 (2000).

Because both the Act and the state personnel system are comprehensive systems addressing the payment of wages and the resolution of disputes, including the state as an employer under the Act would lead to an overlap, and possibly a conflict, between the Act and the constitutionally established state personnel system. For example, vacation compensation is included as compensable income under the Act, *see Hartman v. Freedman,* 197 Colo. 275, 591 P.2d 1318 (1979), but, according to the initial State Personnel

Board decision here, was not so included in plaintiff's back pay award.

■ Unless otherwise trumped by federal law, *see, e.g., Redmond v. Chains, Inc.*, 996 P.2d 759 (Colo.App.2000), if the state constitution and statute are in conflict, the state constitution is paramount. *See Passarelli v. Schoettler*, 742 P.2d 867 (Colo.1987). And, we must presume that, in establishing the Act, the General Assembly was aware of the existence of the state personnel system and its constitutional underpinnings. *See* § 2–4–201, C.R.S.2000; *In re Questions Submitted by United States Dist. Court*, 179 Colo. 270, 499 P.2d 1169 (1972); Norman J. Singer, *Statutes and Statutory Construction* § 45:12 (2000).

Thus, by its silence as to the status of the state as an "employer" under the Act, we conclude that the General Assembly simply has acknowledged that it was not within its purview to include the state. Conversely, there was no need, as there was with other governmental entities, to explicitly exclude the state either.

Accordingly, because the state is not an employer and, therefore, not a proper defendant under the Act, the trial court correctly dismissed plaintiff's complaint for failure to state a claim.

The judgment is affirmed.

Justice ERICKSON * and Judge STERNBERG * concur.