538 P.2d 476 (1975)
ASSOCIATED GROCERS OF COLORADO, INC., and Employers Fire Insurance Company, Petitioners,
v.
Clarence BENDICKSON et al., Respondents.
No. 75-150.
Colorado Court of Appeals, Div. I.
July 8, 1975.
Zarlengo, Mott & Zarlengo, Albert E. Zarlengo, Jr., Denver, for petitioners.
Clarence Bendickson, pro se.
John D. McFarlane, Atty. Gen., Edward G. Donovan, Colo. State Sol. Gen., John Kezer, Asst. Atty. Gen., Denver, for respondents Ronald C. Jaynes, Director of Labor, and The Industrial Commission of Colo.
Selected for Official Publication.
ENOCH, Judge.
This is a review of an award of the Industrial Commission. Petitioners (employer and insurer) were penalized three days compensation for failing to admit or deny liability within the statutory period and were ordered to pay the appearance costs of claimant's doctor. We affirm in part and set aside in part.
At oral argument, petitioners conceded that the penalty of three days compensation was properly imposed, and we therefore affirm that part of the award.
We agree, however, with petitioners' second contention, that the Commission erred in assessing them with a charge of $81.25 filed by claimant's doctor. The facts on this issue are not in dispute. On July 13, 1973, the Division of Labor mailed to petitioners and claimant a notice that a hearing would be held in Boulder on July 10, 1973. The lay testimony was scheduled *477 for 9:30 a. m., and the medical testimony was scheduled for 1:30 p. m. The notice also advised the parties that they were responsible for notifying their own doctors of the hearing.
On June 21, 1973, the Division of Labor received from petitioners a general admission of liability, along with a request that the scheduled July 10 hearing be cancelled. Due to unexplained administrative delays within the Division of Labor, the hearing was not cancelled and the general admission of liability was not in the referee's case file on July 10. Petitioners' counsel appeared at the scheduled hearing in Boulder at 9:30 a. m., and after explaining to the referee that a general admission of liability had been filed, the referee cancelled the hearing. Claimant did not appear at this hearing. That afternoon at 1 :30, claimant's doctor appeared pursuant to a request previously made by claimant. The referee advised the doctor that the hearing had been cancelled and suggested that the doctor submit a statement of costs for his attendance. A statement was submitted for $81.25. Subsequently the referee ordered petitioner to pay this bill, and the Commission affirmed that order.
Rule XX(8) (1972) of the Rules of Procedure of the Colorado Workmen's Compensation Act provides that when a party demands that the opposing party or the Division call a doctor to permit cross-examination upon his report, the referee may in his discretion require the party demanding the right of cross-examination to pay the doctor's fee for attendance at a hearing. In an attempt to justify the assessment of costs under this rule, the referee made findings in this case which are not supported by the evidence. The most critical error is the finding "that when the [employer] informed the claimant that it is he who must present the doctor at a hearing, that this is tantamount to a request to cross-examine the doctor." The record is quite clear that the Division of Labor, not petitioners, informed claimant to notify his own doctor, and there was no request made by petitioners regarding the attendance of claimant's doctor, nor any suggestion that petitioners requested the right of cross-examination. In fact, there is nothing in the record to indicate that petitioners ever contacted claimant or his doctor at any time concerning this hearing. The error of the Industrial Commission in affirming an award based on findings not supported by evidence in the record requires that the award be set aside. Section 8-53-112, C. R.S.1973.
That portion of the award assessing the penalty of three days compensation against petitioners is affirmed. That portion of the award assessing petitioners with the attendance cost of claimant's doctor at the July 10, 1973, hearing is set aside.
COYTE and BERMAN, JJ., concur.
Order affirmed in part and set aside in part.