Annie Amilia ROMERO, Petitioner,

v.

INDUSTRIAL COMMISSION OF COLORADO, Department of Labor and Employment, State of Colorado, Mancos School District, and State Compensation Insurance Fund, Respondents.

No. 80CA1040.

Colorado Court of Appeals,
Div. I.

May 7, 1981.

Rehearing Denied June 4, 1981.

Certiorari Denied July 6, 1981.

---

Kirschenmann & Dawes, Robert C. Dawes, Durango, for petitioner.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Robert S. Hyatt, Asst. Atty. Gen., Denver, for respondent Industrial Commission of Colorado.

Richard L. Susman, Denver, for respondent Mancos School Dist.

SILVERSTEIN, Judge.*

Petitioner seeks reversal of a final order of the Industrial Commission which granted her benefits for permanent total disability, but which penalized her for delay in reporting the injury to her employer. We set aside the order.

On January 15, 1977, petitioner fell while at work, but, because she did not believe any serious injury resulted from the fall,

---

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo. Const.*, Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. 1973 (1980 Cum. Supp.).

she did not report the accident to her employer. Although her back hurt, she continued to work until June 20, 1978. On May 30, 1978, because the pain had increased, she went to a doctor who discovered substantial injury to her back, and determined that she was permanently and totally disabled. She then reported the injury to her employer on June 15, 1978. The employer does not dispute that the injury was work-related, nor that petitioner is permanently and totally disabled.

The Commission determined that a reasonable person should have known that the injury was serious and compensable on the date of the accident, and therefore penalized petitioner "one-day's workmen's compensation benefits for each day the claimant has failed to comply with the provisions of C.R.S. 1973, 8–45–102(1). The number of days penalized shall run from January 15, 1977, to June 15, 1978." Petitioner contends the penalty should be based only on the delay from May 30, 1978, the day she discovered the seriousness of the injury, until June 15, 1978, when she notified her employer. We agree.

■ The facts are undisputed. The correctness of legal conclusions drawn from undisputed facts is properly a matter for the appellate court. *Dorsch v. Industrial Commission*, 185 Colo. 219, 523 P.2d 458 (1974). And, when these conclusions are not supported by evidence in the record, they must be set aside. *Associated Grocers of Colorado, Inc. v. Bendickson*, 36 Colo. App. 239, 538 P.2d 476 (1975). There is no evidence in the record before us to support the conclusions of the Commission.

■ The record discloses that, although petitioner suffered pain, she continued to work. During this time the pain increased and she consulted a doctor who diagnosed her condition as arthritis and prescribed aspirin. When this treatment did not help she consulted another doctor who thoroughly examined her. He discovered substantial back problems, advised hospitalization, and ultimately determined that she was totally, permanently disabled. Sixteen days later, she advised her employer of the injury, and ceased working after five more days.

*City of Boulder v. Payne*, 162 Colo. 345, 426 P.2d 194 (1967), is controlling. There, the court held:

"[T]he time begins to run for filing 'a notice claiming compensation' when the claimant, as a reasonable man, should recognize the nature, seriousness and probable compensable character of his injury."

The *Payne* court also held that "injury" means "compensable injury."

Here, during the time petitioner continued to work and to receive her regular wages, the injury was not compensable. Section 8–51–101(1)(b), C.R.S.1973. Therefore, it was not until May 30, 1978, when the seriousness of the injury was discovered and her termination of employment was warranted, that the time for notifying her employer began to run. The referee, in his order, correctly so held.

The final order of the Commission is set aside and the cause is remanded for further proceedings in conformity herewith.

ENOCH, C. J., and VAN CISE, J., concur.