Jim GRUNTMEIR, Petitioner,

v.

TEMPEL & ESGAR, INC.; State Compensation Insurance Fund; the Industrial Commission of the State of Colorado; Charles McGrath, Director of the Division of Labor; Gary B. Rose, Mike Baca, and Robert Knous, Sr., as Commissioners of the Industrial Commission of the State of Colorado, Respondents.

No. 85CA1277.

Colorado Court of Appeals, Div. III.

Sept. 25, 1986.

As Modified on Denial of Rehearing Oct. 30, 1986.

John Gehlhausen, P.C., John Gehlhausen, Lamar, for petitioner.

Russell A. Stanley, Denver, for respondent State Compensation Ins. Fund.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Mary Ann Whiteside, Asst. Atty. Gen., Denver, for respondents Industrial Com'n of the State of Colo., and Director, Div. of Labor.

BABCOCK, Judge.

Jim Gruntmeir seeks review of the final order of the Industrial Commission (Commission) awarding him 50% permanent partial disability benefits. Gruntmeir contends that the evidence does not support the award of permanent partial disability, and that he should have been awarded permanent total disability benefits. We agree.

Gruntmeir was disabled in November 1982 when his right arm was caught in a grain auger and partially severed. Although his arm was reattached, he has completely lost its use. His employer, respondent Tempel & Esgar, Inc., admitted liability, and Gruntmeir received temporary total disability benefits until he returned to work.

After the accident, Gruntmeir was unable to carry on his prior employment as a laborer. The employer kept him on at a reduced wage, but its representative testified that Gruntmeir could do little with only one good arm and was mainly kept busy at menial and superfluous tasks. A vocational rehabilitation counselor testified that, in light of Gruntmeir's education, experience, lack of training, and rural background, Gruntmeir would be unable to find suitable employment in his southeastern Colorado community because of his disability.

In his findings of fact, the hearing officer concluded that Gruntmeir "would be almost certainly unemployable in the area in which he lives, except in his current position," which the hearing officer conceded "is on a 'sheltered work shop' and compassion basis." Despite these findings, the hearing officer concluded that Gruntmeir had only a 50% permanent partial disability. No specific basis for this conclusion was stated. The Commission affirmed the hearing officer's findings and award.

Under the Workmen's Compensation Act, the Commission's order may be set aside if the evidence does not support the findings of fact. Section 8–53–120, C.R.S. (1985 Cum.Supp.); *Associated Grocers of Colorado, Inc. v. Bendickson*, 36 Colo.App. 239, 538 P.2d 476 (1975). Moreover, the correctness of a legal conclusion drawn from undisputed facts is properly a matter for the appellate court. *Dorsch v. Industrial Commission*, 185 Colo. 219, 523 P.2d 458 (1974).

Here, the hearing officer's finding that Gruntmeir had suffered only 50% permanent partial disability is unsupported by the evidence adduced at the hearing, particularly since it is undisputed that Gruntmeir is unable to find suitable employment in his local community. The fact that Gruntmeir's employer had retained him in a make-work capacity out of moral responsibility or charity is insufficient to support the conclusion that he was only partially disabled. *See Rio Grande Motor Way, Inc. v. DeMerschman*, 100 Colo. 421, 68 P.2d 446 (1937). His "employment" does not preclude a finding that he was totally disabled. *See National Fuel Co. v. Arnold*, 121 Colo. 220, 214 P.2d 784 (1950).

Because the evidence fails to support a finding of less than total disability, and there is no legal basis for concluding otherwise, we hold that the Commission erred in concluding that Gruntmeir was entitled only to 50% permanent disability benefits.

The order of the Industrial Commission is set aside, and the cause is remanded to the Industrial Claim Appeals Office for entry of an order awarding permanent total disability benefits.

KELLY and TURSI, JJ., concur.