**PRESTIGE PAINTING & DECORATING, INC. and Colorado Compensation Insurance Authority, Petitioners,**

v.

**Michael MITCHUSSON, the Industrial Claim Appeals Office of the State of Colorado and Director, Division of Labor, Respondents.**

**No. 91CA0138.**

Colorado Court of Appeals, Div. II.

Dec. 19, 1991.

Michael J. Steiner, Denver, for petitioners.

Fogel, Keating & Wagner, P.C., John A. Steninger, Denver, for respondent Michael Mitchusson.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., and John D. Baird, Asst. Atty. Gen., Denver, for Respondent Indus. Claim Appeals Office and Div. of Labor.

———

Opinion by Judge REED.

Petitioners, Prestige Painting & Decorating, Inc., and Colorado Compensation Insurance Authority, seek review of a final order of the Industrial Claim Appeals Panel awarding claimant compensation for permanent total disability. We set aside the order and remand for further proceedings.

Claimant, Michael Mitchusson, sustained an admitted industrial injury to his knee in November 1986, while working as a journeyman painter for the petitioner, Prestige Painting & Decorating, Inc. Because of physical restrictions thereafter imposed by his treating physician, claimant was unable to return to his pre-injury work.

As a result, and after a finding of eligibility therefor, claimant was placed in a vocational rehabilitation program for a period of 26 months. During this process, the occupations of bookkeeper or shipping clerk were identified by rehabilitation counselors as being within claimant's skills and physical capacity. However, each of these occupations had a pay scale less than 50%

of the remuneration received by claimant at the time of his injury. Two other possible occupations were rejected as beyond claimant's physical ability.

Petitioners contend that the Administrative Law Judge (ALJ) and the Panel applied the incorrect legal standard in determining whether claimant was permanently and totally disabled and that, therefore, the case must be remanded for further proceedings. We agree.

The ALJ found with record support that, because of his injury, claimant was unable to return to his work as journeyman painter and also could not perform the jobs he had previously undertaken as a stocker/checker in a supermarket, as a shipping/receiving clerk for a pipe company, and as a construction laborer. With reference to the two possible positions as either a bookkeeper or a shipping clerk identified during the rehabilitation process, the ALJ found that these positions were not "gainful" because the hourly rate was far less than claimant had been earning as a journeyman painter. The ALJ also found that claimant's disability precluded two other occupations.

On the basis of these findings, the ALJ concluded that claimant was permanently and totally disabled. In affirming the ALJ's order, the Panel interpreted the ALJ's findings to mean that claimant was unable to return to any work for which he had prior training and experience. The Panel further concluded that petitioners had failed to sustain their burden of presenting evidence that claimant retained or could acquire efficiency in fields of general employment. However, we conclude that the Panel's order does not resolve the determinative issue.

▮ In *Byouk v. Industrial Commission*, 106 Colo. 430, 105 P.2d 1087 (1940), our supreme court held that a finding of permanent, total disability was precluded if claimant retained or would regain efficien-

cy in some substantial degree in the field of general employment. However, an injured worker may be permanently and totally disabled notwithstanding the worker's ability to obtain occasional employment under rare or unusual circumstances. *New Jersey Zinc Co. v. Industrial Commission*, 165 Colo. 482, 440 P.2d 284 (1968); *National Fuel Co. v. Arnold*, 121 Colo. 220, 214 P.2d 784 (1950).

Application of this rule may take into consideration the community where a claimant resides. *See Gruntmeir v. Tempel & Esgar, Inc.*, 730 P.2d 893 (Colo.App. 1986). Moreover, it may also involve an analysis of the extent to which a claimant can find employment in a competitive labor market without regard to such factors as business booms, temporary good luck, or the extraordinary efforts of a claimant to overcome his handicap. *See Hobbs v. Industrial Claim Appeals Office*, 804 P.2d 210 (Colo.App.1990).

▮ However, a finding of permanent total disability may not be premised, as it was here, solely on whether possible employment is "gainful" based upon a comparison between the salary range that was available to the worker before the injury and the wages available to him post-injury in other employment in the open labor market. *See Hobbs v. Industrial Claim Appeals Office, supra.*

The order is set aside, and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

RULAND and DUBOFSKY, JJ., concur.