**PROFESSIONAL FIRE PROTECTION, INC. and Colorado Compensation Insurance Authority, Respondents–Appellants,**

v.

**Thomas E. LONG, Claimant–Appellee,**

and

**The Industrial Claim Appeals Office of the State of Colorado, Appellee.**

No. 92CA1351.

Colorado Court of Appeals, Div. II.

Dec. 2, 1993.

Michael J. Steiner, Colorado Compensation Ins. Authority, Denver, for respondents-appellants.

Norton Frickey & Associates, Michael S. Kocel, Colorado Springs, for claimant-appellee Thomas E. Long.

No appearance for Indus. Claim Appeals Office.

Opinion by Judge TURSI.

Respondent Colorado Compensation Insurance Authority (CCIA) seeks review of a final order of the Industrial Claim Appeals Panel which determined that Thomas E. Long (claimant) was permanently and totally disabled. We affirm.

Claimant was employed as a field supervisor for Professional Fire Protection when he sustained an admitted industrial injury on April 6, 1987. Subsequent to the injury, he was found eligible for vocational rehabilitation. The only feasible vocational rehabilitation plan required 15 months of training. Claimant received no vocational rehabilitation after CCIA refused to authorize any vocational rehabilitation maintenance bene-fits beyond the statutorily-mandated 52 weeks of benefits. Claimant thereafter sought a permanent disability award.

After a hearing, the Administrative Law Judge (ALJ) determined that claimant was permanently and totally disabled. Employer and CCIA appealed, arguing that the ALJ applied an incorrect legal standard, "suitable gainful employment," in determining whether claimant was permanently disabled. The Panel distinguished between the vocational rehabilitation standard of "suitable gainful employment" and the standard for determining permanent disability. Concluding that the ALJ may have used an incorrect legal standard, the Panel remanded for a new order.

Based on the findings on remand, the ALJ concluded that claimant would not regain efficiency to a substantial degree in the field of general employment without substantial vocational rehabilitation services and formal training, that there was no evidence that substantial vocational rehabilitation was available to claimant, and that CCIA's refusal to offer more than 52 weeks of vocational rehabilitation training was the major cause of claimant's inability to regain some substantial degree of efficiency in the fields of general employment.

The ALJ further concluded, based upon CCIA's refusal to provide more than 52 weeks of vocational rehabilitation maintenance benefits, the credibility of the witnesses, and claimant's age, education and training, work experience, pre-injury wage, physical limitations, and general physical condition, that claimant had proved by a preponderance of the evidence that he had not retained and would not regain efficiency in some substantial degree in the field of general employment.

On the basis of these conclusions, the ALJ ruled that claimant was permanently and totally disabled. The Panel affirmed, and CCIA sought this review.

CCIA contends that the ALJ improperly applied the legal standard of "suitable gainful employment" and focused on factors related to vocational rehabilitation in determining

whether claimant was permanently disabled. We disagree.

Under the statutory provisions in effect at the time of claimant's injury, if an injured worker was found to be eligible for vocational rehabilitation, an employer could be required to provide up to 52 weeks of vocational rehabilitation. *See* Colo.Sess.Laws 1981, ch. 82, § 8–49–101 at 467. The purpose of mandatory vocational rehabilitation was to return the permanently disabled worker to "suitable gainful employment." *See Roe v. Industrial Commission*, 734 P.2d 138 (Colo.App.1986).

The regulation defining "suitable gainful employment" required consideration of numerous factors such as claimant's age, education, previous work history, interests, skills, and economic level at the time of the injury. *See* Rules of Procedure, Part (V)(B)(6), 7 Code Colo.Reg. 1101–3 (repealed effective February 1992); *Electron Corp. v. Wuerz*, 820 P.2d 356 (Colo.App.1991).

However, under the law applicable to this claim, "permanent total disability" existed when the claimant had not retained and would not regain efficiency in some substantial degree in the fields of general employment. *Byouk v. Industrial Commission*, 106 Colo. 430, 105 P.2d 1087 (1940); *Prestige Painting & Decorating, Inc. v. Mitchusson*, 825 P.2d 1049 (Colo.App.1991).

■ Permanent disability is not measured by any single criterion, such as the worker's physical condition, *Casa Bonita Restaurant v. Industrial Commission*, 624 P.2d 1340 (Colo.App.1981), or loss of income. *Gruntmeir v. Tempel & Esgar, Inc.*, 730 P.2d 893 (Colo.App.1986).

■ Further, it is not determined exclusively from general impairment or impairment of capacity to perform specific work. *Rio Grande Motor Way, Inc. v. De Merschman*, 100 Colo. 421, 68 P.2d 446 (1937); *Prestige Painting & Decorating, Inc. v. Mitchusson, supra*. Rather, the extent and degree of permanent disability is assessed on the basis of various interdependent factors which affect the worker's capacity to be gainfully employed.

■ These factors include the worker's age, education, prior work experience and vocational training, the worker's overall physical condition and mental capabilities, and the availability of the type of work which the worker can perform. *Colorado Fuel & Iron Corp. v. Industrial Commission*, 151 Colo. 18, 379 P.2d 153 (1962); *see also Hobbs v. Industrial Claim Appeals Office*, 804 P.2d 210 (Colo.App.1990).

■ Furthermore, although a claimant's ability to return to or be retrained for suitable gainful employment is not determinative of his permanent total disability, *Prestige Painting & Decorating, Inc. v. Mitchusson, supra*, the absence of vocational rehabilitation is an additional factor the ALJ may consider in determining whether the claimant could regain efficiency to a substantial degree in the fields of general employment. *See Drywall Products v. Constuble*, 832 P.2d 957 (Colo.App.1991). The absence of vocational rehabilitation further is relevant to the injured worker's "general physical condition and mental training, ability, former employment, and education." Colo.Sess.Laws 1990, ch. 62, § 8–42–110(1)(b) (repealed, effective July 1, 1991 & reenacted in § 8–42–107, C.R.S. (1993 Cum.Supp.)).

The weight to be accorded the various factors varies depending on the particular facts and circumstances of each case. *See American Metals Climax, Inc. v. Cisneros*, 195 Colo. 163, 576 P.2d 553 (1978). Determination of the extent or degree of permanent disability is a question of fact, and the ALJ is vested with the "widest possible discretion" in making this determination. *Byouk v. Industrial Commission, supra*.

■ Here, we agree with CCIA that "suitable gainful employment" is not the appropriate legal standard to apply in determining a claimant's permanent disability. However, after reviewing the evidence and the ALJ's final order, we do not find that the ALJ applied this standard or improperly considered factors related to vocational rehabilitation.

One of the vocational rehabilitation experts testified that, absent substantial vocational rehabilitation and possibly additional on-the-

job training, claimant essentially would not be able to re-enter the job market with marketable skills. The drafting job which was the focus of the vocational rehabilitation plan was the only job which matched claimant's physical limitations, prior work history, interest areas, aptitudes, and other relevant factors. Even then, claimant's rehabilitation for that job would require a 15–month training program plus on-the-job training. At that time, claimant might have been able to make slightly more than minimum wage. However, since the vocational rehabilitation plan required 15 months and CCIA would not provide more than the statutorily-mandated 52 weeks of rehabilitation, claimant received no vocational rehabilitation.

 The evidence thus revealed that one of the key factors in claimant's ability to regain efficiency in the general labor market was the availability of substantial vocational rehabilitation. Since claimant had received no vocational rehabilitation at the time of the disability hearing because of CCIA's action, the ALJ properly considered both CCIA's failure to provide vocational rehabilitation and claimant's employment potential without it. In doing so, the ALJ did not penalize CCIA for its failure to provide rehabilitation. While CCIA was not required to provide more than 52 weeks of rehabilitation, it also was not prohibited from doing so. Thus, it was permissible for the ALJ to consider the effect of CCIA's failure to provide vocational rehabilitation.

Furthermore, contrary to CCIA's argument, the ALJ did not focus solely on the issue of vocational rehabilitation in determining claimant's permanent disability. The ALJ made findings concerning claimant's age, education and training, work experience, pre-injury wage, physical limitations and general physical condition, as well as claimant's inability to obtain vocational rehabilitation. Based on the totality of these factors, the ALJ found that claimant proved he had not retained and would not regain efficiency in some substantial degree in the field of general employment. *See Byouk v. Industrial Commission, supra.*

Finally, we reject CCIA's argument that the finding that claimant was not capable of working in the general labor market was not supported by substantial evidence. We agree with the Panel that the ALJ permissibly interpreted the vocational expert's testimony as demonstrating that claimant could not return to work without the benefit of vocational rehabilitation, that there were no jobs available in the labor market which claimant was physically capable of performing, and that no jobs were eliminated from the labor market survey based solely on wages. The testimony of a second vocational rehabilitation expert also supported these findings.

 The ALJ's findings are supported by substantial evidence in the record and may not be disturbed. *May D & F v. Industrial Claim Appeals Office,* 752 P.2d 589 (Colo. App.1988). The findings, when considered in their totality, and in light of the record on review, support the ALJ's determination that claimant is permanently and totally disabled.

Order affirmed.

NEY and TAUBMAN, JJ., concur.