**BEST–WAY CONCRETE COMPANY and American States Insurance Company, Petitioners,**

v.

**Ricky Lee BAUMGARTNER and the Industrial Claim Appeals Office, Respondents.**

**No. 95CA0290.**

Colorado Court of Appeals, Div. III.

Nov. 24, 1995.

Sommermeyer Wick Dow & Campbell, L.L.C., James D. Bramer, and Steven G. Greenlee, Fort Collins, for Petitioners.

Douglas R. Phillips, Denver, for Respondent Ricky Lee Baumgartner.

No Appearance for Respondent Industrial Claim Appeals Office.

Opinion by Judge RULAND.

In this workers' compensation case, petitioners, Best–Way Concrete Company and its insurer, American States Insurance Company, seek review of a final order of the Industrial Claim Appeals Office (Panel) awarding Ricky Lee Baumgartner (claimant) permanent total disability benefits. We affirm.

Claimant sustained a compensable injury to his lower back. After surgery, claimant was determined to have a medical rating of 26% whole person impairment based on the AMA *Guides to the Evaluation of Permanent Impairment.* Petitioners requested an independent medical examination (IME) pursuant to § 8–42–107(8), C.R.S. (1995 Cum. Supp.).

The IME physician ranked claimant at 23% as his permanent medical impairment. Claimant disagreed with both ratings and requested a hearing to determine whether he was permanently and totally disabled.

At the hearing, claimant conceded that he was a part owner of a bingo parlor from which he expected some profit. However, he stated that he had attempted to work at the concession stand in the parlor but that he was unable to do so for even a few consecutive minutes because of his injury. Claimant also testified that he had hired an employee to drive his land scraper for land leveling jobs both before and after his injury, but that the scraper was sold because of his injury and because of equipment failure.

Claimant also testified to a congenital non-industrial bilateral 65% hearing loss. Claimant's vocational counselor testified that claimant's preexisting hearing loss did not impair his ability to work in the construction industry as he had done for approximately 16 years. However, the counselor did state that claimant's hearing loss, combined with his chronic back pain, would limit claimant's access to the job market.

The Administrative Law Judge (ALJ) found that claimant was permanently and totally disabled, but that claimant's hearing loss did not contribute to the permanent total disability. The ALJ credited the testimony of the vocational counselor and found that claimant's back condition would prevent him from earning wages and that claimant would need vocational training before returning to work.

On review, the Panel affirmed. The Panel held that a determination of permanent total disability is not defined exclusively in terms of medical impairment. Therefore, the Panel concluded that the ALJ properly considered the vocational evidence concerning claimant's physical condition, employment history, and educational background in determining whether claimant was able to earn wages. Finally, the Panel rejected petitioners' argument that the ALJ erred in considering claimant's hearing loss without medical evidence concerning this impairment, finding that the dispositive issue was the impact of the hearing loss on claimant's ability to earn wages.

I.

█ Petitioners first argue that a permanent total disability determination must be based only on a claimant's medical impairment. Relying upon the 1991 amendment to the permanent *partial* disability statute that mandates the use of a precise medical impairment regime for determining that issue, they argue that the determination of permanent total disability must be analyzed on the same basis. We are not persuaded.

Prior to the 1991 amendments to the Workers' Compensation Act, the statutory scheme did not define permanent total disability. As a result, the determination of permanent total disability adopted in case law was based consistently on several factors of which "functional disability" of an injured worker was only one. *Byouk v. Industrial Commission*, 106 Colo. 430, 105 P.2d 1087 (1940); *see also McKinney v. Industrial Claim Appeals Office*, 894 P.2d 42 (Colo.App. 1995). The rationale was that because a worker's ability to be employed is based on various interdependent factors, permanent total disability should be determined by considering various relevant factors rather than restricting the inquiry to a single criterion such as physical impairment.

Later, the statutory factors governing the determination of permanent partial disability were also applied in determining permanent total disability. *Casa Bonita Restaurant v. Industrial Commission*, 624 P.2d 1340 (Colo. App.1981); *see also Drywall Products v. Constuble*, 832 P.2d 957 (Colo.App.1991). The pre–1991 statutory permanent partial disability factors included "the general physical condition and mental training, ability, former employment, and education of the injured employee." Section 8–51–108, C.R.S. (1986 Repl.Vol. 3B).

The 1991 amendments to the Worker's Compensation Act changed the definition of permanent total disability to its present form, which provides:

'Permanent total disability' means the employee is unable to earn *any wages in the same or other employment*.

Section 8–40–201(16.5)(a), C.R.S. (1995 Cum. Supp.) (emphasis supplied).

With reference to the determination of permanent partial disability, the 1991 amendments deleted the "human factors" of mental training, ability, education, and former employment contained in the prior statute and substituted a system of medical impairment ratings and a schedule of injuries that serve as the basis for determining benefits. Colo. Sess.Laws 1991, ch. 219, § 8–42–107 at 1306. Subsequent amendments have retained that

essential scheme. *See* § 8–42–107, C.R.S. (1995 Cum.Supp.).

■ However, we reject petitioners' argument that the repeal of the "human factors" in the former permanent partial disability statute precludes consideration of these factors in determining permanent total disability under the 1991 amendment governing such disability. We must assume that the General Assembly was aware in 1991 that permanent total disability had been consistently determined based on various interdependent factors, only one of which was medical impairment. *See State Engineer v. Castle Meadows, Inc.*, 856 P.2d 496 (Colo. 1993). Hence, if the General Assembly had intended to eliminate that analysis, it would have expressly done so in the legislation defining permanent total disability. *See Sigman Meat Co. v. Industrial Claim Appeals Office*, 761 P.2d 265 (Colo.App.1988). Accordingly, we conclude that the 1991 amendment of the permanent partial disability statute does not mandate consideration of only medical impairment in determining permanent total disability.

In light of this conclusion, we find no error in the ALJ's consideration of vocational evidence concerning claimant's physical condition, employment history, and educational background.

## II.

■ Petitioners next contend that the evidence did not support the ALJ's determination that claimant was unable to earn wages because he earned unspecified income from his investment in the bingo parlor and from his former land scraping business. We disagree.

■ The question of whether a claimant is able to earn wages in the same or other employment is a question of fact for the ALJ. *See May D & F v. Industrial Claim Appeals Office*, 752 P.2d 589 (Colo.App.1988). If supported by substantial evidence in the record, the ALJ's factual findings, resolution of evidentiary conflicts, credibility determinations, and plausible inferences drawn from the evidence are binding on appeal. *F.R. Orr Construction v. Rinta*, 717 P.2d 965 (Colo.App. 1985).

In *McKinney v. Industrial Claim Appeals Office, supra*, a division of this court determined that the definition of wages provided in § 8–40–201(19)(a), C.R.S. (1995 Cum. Supp.), which refers to a pre-injury wage rate level, does not apply to the determination of whether a claimant was able to earn "any wages" as required under the permanent total disability definition found in § 8–40–201(16.5)(a). However, the division also noted that the General Assembly did not intend to prohibit disabled persons from securing income other than wage income. Further, contrary to petitioners' contention, we do not read *McKinney* as implicitly holding that income from investments or from a personally operated business necessarily constitutes wages from employment pursuant to § 8–40–201(16.5)(a).

Thus, claimant is not disqualified from permanent total disability benefits merely because he may have received some unspecified income from his investment in a bingo parlor or from his former land scraper business. Hence, we find no error.

## III.

■ Finally, petitioners contend that the ALJ erred in considering evidence of claimant's "nonmedically proven" hearing loss to support the award of permanent total disability. We disagree.

As the Panel correctly noted, petitioners cannot now object to the hearing loss evidence as incompetent because they failed to do so at the hearing. CRE 103(a)(1).

The order is affirmed.

JONES and BRIGGS, JJ., concur.