**Richard A. CHRISTIE, Petitioner,**

v.

**COORS TRANSPORTATION COMPANY and the Industrial Claim Appeals Office, Respondents.**

**No. 95CA0581.**

Colorado Court of Appeals, Div. IV.

Dec. 7, 1995.

Rehearing Denied Jan. 25, 1996.

Certiorari Granted July 1, 1996.

Brauer, Buescher & Valentine, Joseph M. Goldhammer, Ellen M. Kelman, Denver, for Petitioner.

Glasman, Jaynes, McBride & Musgrave, Thomas O. McBride, Christine A. McBride, Denver, for Respondent Coors Transportation Company.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, John D. Baird, Assistant Attorney General, Denver, for Respondent Industrial Claim Appeals Office.

Opinion by Judge TAUBMAN.

Richard A. Christie (claimant) seeks review of a final order of the Industrial Claim Appeals Panel denying his claim for permanent total disability (PTD) benefits and also challenges the constitutionality of those portions of the Workers' Compensation Act (Act) used to determine that he was not totally disabled. We affirm the order of the Panel and find no constitutional infirmity.

The operative facts are undisputed. While working for Coors Transportation Co. (employer) in August 1991, claimant sustained an industrial back injury. He returned to his job as a truck driver with restrictions and was subsequently terminated in 1992. Employer admitted liability for permanent partial disability of 31% based upon an independent medical examination, but claimant sought PTD benefits.

The Administrative Law Judge (ALJ) credited a functional capacities evaluation (FCE), which indicated that claimant was employable at a "light level" for an eight-hour day with restricted lifting, carrying, standing, sitting, and reaching or handling with the right upper extremity. The ALJ also credited the testimony of employer's vocational expert, who opined that claimant retains probable access to employment as a telephone salesperson, parking lot attendant, cashier, clerk, and other similar positions.

The ALJ concluded that claimant's disability is not total, because although he "may not be efficient in any field of employment, he *does* retain access to specific, identifiable and available employment opportunities and can earn wages in those fields." (emphasis in original) The Panel affirmed.

## I.

Claimant contends that he is permanently and totally disabled and that an incorrect legal standard was applied in denying his claim. We disagree.

Prior to 1991, the Act provided little guidance for the determination of PTD. While certain disabilities were presumptively permanent and total, others required that the courts balance various factors and determine whether "the claimant 'retained or would regain efficiency in some substantial degree as a working unit in the fields of general employment'. *Byouk v. Industrial Commission,* 106 Colo. 430, 434, 105 P.2d 1087, 1089 (1940)." *McKinney v. Industrial Claim Appeals Office,* 894 P.2d 42, 43 (Colo. App.1995).

In the 1991 amendments to the Act, PTD was defined, for the first time, as follows:

'Permanent total disability' means the employee is unable to earn *any wages in the same or other employment.* The burden of proof shall be on the employee to prove that *he is unable to earn any wages* in the same or other employment.

Colo.Sess.Laws 1991, ch. 219, § 8–40–201(16.5) at 1293 (emphasis added) (now codified with changes at § 8–40–201(16.5)(a), C.R.S. (1995 Cum.Supp.)).

Construing the phrase "any wages" in this statute, a division of this court found it to mean that a claimant is disqualified from PTD benefits if he or she is capable of earning wages in any amount. *McKinney v. Industrial Claim Appeals Office, supra.*

We decline claimant's invitation to revisit the decision in *McKinney.* And, since the claimant's ability to earn wages is a factual question, the ALJ's determination must be upheld if supported by substantial evidence. *See* § 8–43–308, C.R.S. (1995 Cum.Supp.).

In applying the substantial evidence test, we must defer to the ALJ's resolution of conflicts in the evidence, his or her credibility determinations, and the plausible inferences which can be drawn from the evidence. *Metro Moving & Storage Co. v. Gussert,* 914 P.2d 411 (Colo.App.1995).

Here, the opinions of employer's vocational expert and the findings made in the FCE constitute substantial evidence in support of the conclusion that claimant is able to earn wages. Although the record contains conflicting evidence which would support contrary findings and conclusions, the findings made by the ALJ concerning the weight and credibility of the evidence are binding on appeal before both the Panel and this court. *See Monfort, Inc. v. Rangel,* 867 P.2d 122 (Colo.App.1993).

Furthermore, we are not persuaded that the ALJ's finding that the claimant "may not be efficient in any field of employment" mandates a different result. "Efficiency" is a term appearing in case law which defined PTD prior to the 1991 amendments to the Act. *See, e.g., Prestige Painting & Decorating, Inc. v. Mitchusson,* 825 P.2d 1049 (Colo.App.1991) (PTD precluded if claimant retains, or will regain, efficiency in some substantial degree in a field of general employment). It is no longer a statutory factor in determining PTD under § 8–40–201(16.5)(a), and can only indirectly be considered to the extent that it affects a claimant's ability to earn any wages.

Here, the ALJ expressly determined that the effects of the injury have not rendered claimant so inefficient that he lacks the ability to earn any wages. This determination is supported by the testimony of employer's vocational expert who indicated that the recommended jobs for claimant are available in such abundance that claimant's inefficiency, when compared to other workers, is not likely to preclude him from working. Since the basis of this order is clear, it must be upheld. *See Riddle v. Ampex Corp.,* 839 P.2d 489 (Colo.App.1992).

## II.

Claimant's next contention is that the holding in *McKinney*—that a claimant who is capable of earning wages in "any" amount is disqualified from receiving PTD benefits under § 8–40–201(16.5)(a)—is irrational and should be rejected as violative of his constitutional right to equal protection of the law.

He argues that the standard for PTD under § 8–40–201(16.5)(a) should include the factors set forth in §§ 8–46–101(1)(a) and 8–43–303(3), C.R.S. (1995 Cum.Supp.), and that under these standards, his disability is permanent and total. We disagree.

When the General Assembly enacted § 8–40–201(16.5)(a), it left unchanged the former standard for PTD in § 8–46–101(1)(a). Under the latter statute, a worker who suffers two or more industrial disabilities is considered permanently and totally disabled if he or she is "permanently and totally incapable of steady gainful employment and incapable of rehabilitation to steady gainful employment." *McKinney v. Industrial Claim Appeals Office, supra.*

Under the reopening provision added by the 1991 amendments, an award for PTD may be reopened at any time on a showing that the claimant "has returned to employment and is earning in excess of four thousand dollars per year...." Section 8–43–303(3); *McKinney v. Industrial Claim Appeals Office, supra.*

Claimant would have us harmonize these three provisions in such a way that he is eligible for PTD benefits if he is incapable of engaging in steady, gainful employment, using a $4,000 benchmark against which to judge that which is "steady" and "gainful." According to claimant, if these statutes are not harmonized in this manner, he is deprived of equal protection of the laws because there is no rational basis for refusing to extend to him this expanded definition of PTD.

In determining the constitutionality of the definition of PTD in § 8–40–201(16.5)(a), as interpreted in *McKinney*, we begin with the presumption that it is valid. The burden is on claimant, as the challenging party, to prove the invalidity of the classification beyond a reasonable doubt. *See Naiden v. Epps*, 867 P.2d 215 (Colo.App.1993). And, because the receipt of workers' compensation benefits is not a fundamental right, the rational basis test applies. *Duran v. Industrial Claim Appeals Office*, 883 P.2d 477 (Colo. 1994).

Equal protection of the laws requires the government to treat similarly situated persons in a similar manner. Under the rational basis standard of review, a statutory classification that singles out a group of persons for disparate treatment must be rationally based on differences that are real and not illusory, and must be reasonably related to a legitimate state interest. *Higgs v. Western Landscaping & Sprinkler Systems, Inc.*, 804 P.2d 161 (Colo.1991).

Thus, the threshold question is whether the legislation results in dissimilar treatment of similarly situated individuals. *Duran v. Industrial Claim Appeals Office, supra.* If the individuals are not similarly situated, the equal protection challenge must fail. *Western Metal Lath v. Acoustical & Construction Supply, Inc.*, 851 P.2d 875 (Colo.1993).

In this case, there may be some question whether claimant, who allegedly developed a PTD from the effects of his first industrial injury, can be considered to be "similarly situated" to either a re-employed, permanently and *partially* disabled claimant who subsequently suffered a PTD, or a claimant whose PTD award is reopened. However, we note that the supreme court in *Duran v. Industrial Claim Appeals Office, supra*, proceeded to address an equal protection argument even when faced with a claimant whose situation was arguably dissimilar to the claimant to whom he was compared. The court concluded that "too exacting a focus" on classifications between claimants overlooks the fact that the Act "categorizes injured claimants as a whole." *Duran v. Industrial Claim Appeals Office, supra* (fn. 9). Therefore, we assume, without deciding, that for purposes of this equal protection analysis, claimant in this case is similarly situated to other claimants who have a PTD, and that he is treated dissimilarly.

Thus, with this assumption in mind, we consider next whether there is a rational basis for distinguishing among an award of benefits for PTD under §§ 8–40–201(16.5)(a), 8–46–101(1)(a), and 8–43–303(3). *See Duran v. Industrial Claim Appeals Office, supra.*

A statute will not be found unconstitutional under the rational basis test simply because the distinctions created by the General Assembly are not made with mathematical nicety. *Dawson v. Public Employees Retirement Ass'n,* 664 P.2d 702 (Colo.1983). So long as the distinction drawn is rationally related to some governmental interest, the tenets of equal protection are not offended merely because the line drawn is imperfect. *Duran v. Industrial Claim Appeals Office, supra.* And, if there is any set of conceivable facts which would support a legitimate interest, the court must assume those facts exist. *Romero v. Industrial Claim Appeals Office,* 902 P.2d 896 (Colo. App.1995).

Such a set of facts was set forth in *McKinney.* Although not dealing with a constitutional challenge, a division of this court in *McKinney v. Industrial Claim Appeals Office, supra,* 894 P.2d at 46, articulated a reasonable basis for distinguishing between an initial award of PTD benefits, and the standard for reopening a PTD award pursuant to § 8–43–303(3): "The General Assembly might well have concluded that earnings of less than $4,000 per year would not warrant the expenditure of time and administrative resources necessary to adjudicate a petition to reopen." That decision also described the possible rationale for leaving in place a different standard for determining PTD in those instances in which benefits to a claimant are to be divided between two responsible parties under § 8–46–101(1)(a). It found that the legislative policy underlying this statute is "to provide an incentive for employers to hire partially disabled persons.... [and] the General Assembly could have concluded that, to facilitate the statute's beneficent purpose, it is necessary to leave in place a less stringent standard for determining PTD...." *McKinney v. Industrial Claim Appeals Office, supra,* 894 P.2d at 46.

We adopt that reasoning here and conclude that it is dispositive under the rational basis analysis.

Likewise, we have little difficulty in concluding that the three classifications for determining PTD benefits bear a reasonable relationship to a legitimate state interest.

This legitimate state interest coincides with the General Assembly's stated intention under the Act to assure "the quick and efficient delivery of disability and medical benefits" to claimants "without the necessity of any litigation" and "at a reasonable cost to employers." Section 8–40–102, C.R.S. (1995 Cum.Supp.); *Romero v. Industrial Claim Appeals Office, supra* (overall purpose behind 1991 amendments to the Act was reduction of cost to employers in providing benefits). *See also McKinney v. Industrial Claim Appeals Office, supra* (discussing legitimate state interests for the adoption of differing PTD standards).

The different legislative classifications for claimants who received a PTD award after an initial injury, after a reopening, or from two responsible parties after having suffered a prior partial disability, are rational. Thus, it follows that the adoption of different standards that account for those differences is also rational. Accordingly, we conclude that the definition of permanent total disability in § 8–40–201(16.5)(a), as interpreted in *McKinney v. Industrial Claim Appeals Office, supra,* does not offend the equal protection guarantees of the federal and state constitutions.

The order of the Panel is affirmed.

NEY and KAPELKE, JJ., concur.