SPADY BROTHERS and Colorado Compensation Insurance Authority, Petitioners,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE of the State of Colorado and Martin C. Pasillas–Carmona, Respondents.

No. 96CA0895.

Colorado Court of Appeals, Div. II.

Feb. 6, 1997.

As Modified on Denial of Rehearing March 6, 1997.*

Certiorari Granted Aug. 25, 1997.

** See footnote *, ante.

* Pierce, J., would grant.

Laurie A. Schoder, Carolyn A. Boyd, Colorado Compensation Insurance Authority, Denver, for Petitioners.

Michael W. Seckar, Pueblo, for Respondent Martin C. Pasillas–Carmona.

No Appearance by The Industrial Claim Appeals Office

Opinion by Justice ERICKSON**.

The issue in this workers' compensation case is whether, in determining permanent total disability under § 8–40–201(16.5)(a), C.R.S. (1996 Cum.Supp.), access to employment in the labor market where the claimant resides is a factor to be considered. We conclude that it may not be considered and, therefore, set aside the award of permanent total disability benefits to Martin C. Pasillas–Carmona (claimant) and remand with directions.

Claimant sustained a compensable back injury while working as a farm laborer for Spady Brothers (employer). The Administrative Law Judge (ALJ) found that claimant was born in Mexico and had a sixth grade education, is illiterate in English, and is restricted to sedentary or light duty work. Furthermore, the ALJ found that claimant resides in Las Animas, a small rural town in southern Colorado with a population of 2,000, and that it takes two hours to drive to Pueblo from Las Animas.

Based upon these findings, the ALJ determined that claimant is not capable of earning any wages in his local labor market, or any other location within commuting distance from his residence. Therefore, the ALJ concluded that claimant was permanently and totally disabled, and the Panel affirmed.

** Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3),

Employer and its insurer, the Colorado Compensation Insurance Authority (collectively CCIA), contend that the ALJ applied an incorrect legal standard to determine that claimant is permanently and totally disabled. They argue that the proper test is whether claimant can earn any wages in *any* labor market, rather than within his commutable labor market. We agree that limiting the consideration to the Las Animas labor market was error.

Prior to the amendment to the Workers' Compensation Act in 1991, there was no specific statutory definition of the term permanent total disability. The 1991 statutory amendment, § 8–40–201(16.5)(a), C.R.S. (1996 Cum.Supp.) provides that:

'Permanent total disability' means the employee is unable to earn any wages in the same or other employment.

And, this provision further states that the burden of proof is on the employee to prove that the employee is unable to earn any wages in the same or other employment.

In *McKinney v. Industrial Claim Appeals Office*, 894 P.2d 42 (Colo.App.1995), a division of this court stated that the purpose of the statutory amendment was to establish a stricter definition of permanent total disability. Nevertheless, in *Brush Greenhouse Partners v. Godinez*, 942 P.2d 1278 (Colo. App. 1996), a division of this court held that a claimant's commutable labor market *was* a proper factor for the ALJ to consider in determining whether a claimant could earn any wages.

Relying on *Prestige Painting & Decorating, Inc. v. Mitchusson*, 825 P.2d 1049 (Colo. App.1991), the *Brush Greenhouse* division concluded that the community where a claimant resides is one of the "human factors" which are relevant to the determination of permanent total disability. *See Best–Way Concrete Co. v. Baumgartner*, 908 P.2d 1194 (Colo.App.1995) (in determining whether a claimant can earn any wages, the ALJ may consider "human factors," such as mental

and § 24–51–1105, C.R.S. (1996 Cum.Supp.).

training, ability, education, and former employment).

We find no support for the rule announced in *Prestige Painting*. Therefore, we decline to follow either *Prestige Painting* or *Brush Greenhouse*.

In *Prestige Painting*, a division of this court stated that a claimant may be totally disabled, even though he can obtain occasional employment, and that, in the application of this rule, "consideration can be taken of the community where a claimant resides." *Prestige Painting & Decorating, Inc. v. Mitchusson, supra,* 825 P.2d at 1050.

The only support for this latter statement is a citation to *Gruntmeir v. Tempel & Esgar, Inc.,* 730 P.2d 893 (Colo.App.1986). But, *Gruntmeir* was decided prior to the amendment of the statute defining permanent disability and concluded that the ALJ's finding of permanent partial disability was unsupported by the record, because "it is undisputed that [the claimant] is unable to find suitable employment in his local community." *Gruntmeir v. Tempel & Esgar, Inc., supra,* 730 P.2d at 894. The division in *Gruntmeir* ordered that the claimant be awarded permanent total disability. *Gruntmeir* cited *no* authority for its order, and we know of no Colorado case law to support the order.

■ Thus, we agree with the dissent in *Brush Greenhouse* that the imprecise concept of a commutable labor market does not lend itself to a workable definition or application. In our view, it was not the intent of the General Assembly that a claimant with exactly the same restrictions, injuries, education, and training would become totally disabled if he resides in a rural area, but only partially disabled if he resides in a metropolitan area. We agree with *McKinney* that the 1991 amendments to the Workers' Compensation Act were intended to establish a stricter definition of permanent total disability. *See McKinney v. Industrial Claim Appeals Office, supra.*

■ Under the Workers' Compensation Act, disability is a function of impairment, not geography or job availability. Benefits are predicated upon a loss of earning capacity. *Colorado AFL-CIO v. Donlon,* 914 P.2d 396 (Colo.App.1995). This factor distinguishes workers' compensation benefits from unemployment insurance benefits. *See Lucero v. Climax Molybdenum Co.,* 732 P.2d 642 (Colo.1987) (workers' compensation was not intended to protect against diminishment of a worker's earning capacity caused by mass layoffs or other external fluctuations in economic conditions, and should not be transformed into unemployment insurance).

Accordingly, we decline to extend the concept of permanent total disability to include consideration of a claimant's access to employment in the community where he resides. This factor may not, under the guise of statutory interpretation or by application of case law which predates the amendment of the term permanent total disability, be read into § 8-40-201(16.5)(a). *See Kraus v. Artcraft Sign Co.,* 710 P.2d 480 (Colo.1985).

The order of the Panel is set aside, and the cause is remanded for determination by the ALJ of the claimant's degree of disability without regard to the local labor market.

CRISWELL, J., concurs.

PIERCE**, J., dissents.

Judge PIERCE dissenting.

I dissent. I feel compelled to follow the precedent established by *Brush Greenhouse Partners v. Godinez,* 942 P.2d 1278 (Colo. App. 1996), *Prestige Painting & Decorating, Inc. v. Mitchusson,* 825 P.2d 1049 (Colo.App. 1991), *Best-Way Concrete Co. v. Baumgartner,* 908 P.2d 1194 (Colo.App.1995), and *Christie v. Coors Transportation Co.,* 919 P.2d 857 (Colo.App.1995) (*cert. granted* July 1, 1996). I would affirm the order of the Panel.