**BRUSH GREENHOUSE PARTNERS and Colorado Compensation Insurance Authority, Petitioners,**

v.

**Ernesto GODINEZ and the Industrial Claim Appeals Office of the State of Colorado, Respondents.**

No. 96CA0266.

Colorado Court of Appeals, Div. A.

Dec. 27, 1996.

Rehearing Denied Dec. 27, 1996.

Certiorari Granted Aug. 25, 1997.

Colorado Compensation Insurance Authority, Marjorie J. Long, Carolyn A. Boyd, Denver, for Petitioners.

Law Offices of Mary E. Jeffers, Mary E. Jeffers, Denver; Jean E. Dubofsky, P.C., Jean E. Dubofsky, Boulder, Colorado, for Respondent Ernesto Godinez.

No Appearance for Respondent the Industrial Claim Appeals Office of the State of Colorado

Opinion by Judge PIERCE.*

The issue in this workers' compensation case is whether, in determining permanent total disability under § 8–40–201(16.5)(a), C.R.S. (1996 Cum.Supp.), access to employment in the labor market where the claimant resides is a factor to be considered. We conclude that it may be considered and, therefore, affirm the award of permanent total disability benefits to Ernesto Godinez (claimant).

Claimant sustained a compensable back injury while working as a laborer at Brush Greenhouse Partners (employer). His only

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1996 Cum.Supp.).

prior work experience was picking tomatoes. He can neither read nor write English and has only limited ability to speak or understand English. He does not have sufficient arithmetic skills to make change. He does not have a driver's license. Based on this evidence, claimant's vocational expert opined that claimant's physical impairment, coupled with his lack of education and limited language skills, precludes him from performing any jobs within a reasonable commutable distance from his home.

Crediting the testimony of claimant and his vocational expert, the Administrative Law Judge (ALJ) found that claimant would "not be able to access the labor market in the Fort Morgan/Brush area," a reasonable commutable distance from his home and thus, claimant was not capable of securing and maintaining employment, was unable to earn any wages, and therefore was permanently and totally disabled. The Panel affirmed.

■ Employer and its insurer, the Colorado Compensation Insurance Authority, (collectively CCIA) contend that the ALJ applied an incorrect legal standard to determine that claimant is permanently and totally disabled. They argue that the proper test is whether claimant can earn any wages in *any* labor market, rather than his commutable labor market. We disagree.

■ Permanent total disability means the employee is unable to earn any wages in the same or other employment. Section 8–40–201(16.5)(a); *McKinney v. Industrial Claim Appeals Office*, 894 P.2d 42 (Colo.App.1995). However, whether the claimant has the ability to earn any wages is a question of fact for the ALJ. *Christie v. Coors Transportation Co.*, 919 P.2d 857 (Colo.App.1995) (*cert. granted* July 1, 1996).

■ In making that factual determination, the ALJ may consider the "human factors," such as mental training, ability, education, and former employment, which were relevant to the determination of permanent total disability prior to the adoption of § 8–40–201(16.5)(a). *Best–Way Concrete Co. v. Baumgartner*, 908 P.2d 1194 (Colo.App. 1995); *see also Christie v. Coors Transportation Co., supra* (terms appearing in the case

law defining permanent total disability prior to the adoption of 8–40–201(16.5)(a) are factors that may be considered indirectly to the extent that they affect a claimant's ability to earn any wages).

■ Included in these factors to be considered is the community where a claimant resides. *Prestige Painting & Decorating, Inc. v. Mitchusson*, 825 P.2d 1049 (Colo.App.1991) (since it was undisputed that claimant was unable to find employment in his "local community," the ALJ erred in awarding claimant partial, rather than total, disability benefits).

Here, the ALJ properly applied the "any wages" test to determine whether claimant was permanently and totally disabled. And, the record shows proper consideration of the factors necessary to determine whether claimant could earn any wages, including whether there were jobs available in the locale of his residence. Since the record supports this finding, it is binding on review. *Christie v. Coors Transportation Co., supra.*

The order of the Panel is affirmed.

STERNBERG, C.J., concurs.

ERICKSON, J., dissents.

Justice ERICKSON dissenting:

I respectfully dissent. In my view, in determining permanent total disability in a workers' compensation case following the statutory amendment in 1991, access to employment in the labor market where the claimant resides, is not a factor to be considered.

Prior to the amendment to the Workers' Compensation Act in 1991, access to employment in the labor market where the claimant resides was a factor which could be considered. The 1991 statutory amendment, § 8–40–201(16.5)(a), C.R.S. (1996 Cum.Supp.) provides that:

'Permanent total disability' means the employee is unable to earn any wages in the same or other employment.

And, this provision further states that the burden of proof is on the employee to prove that the employee is unable to earn any wages in the same or other employment.

In *McKinney v. Industrial Claim Appeals Office,* 894 P.2d 42 (Colo.App.1995), a division of this court stated that the purpose of the statutory amendment was to establish a stricter definition of permanent total disability.

In this case, the 26–year–old claimant has few physical restrictions as a result of his injury, and his doctors agree that he can return to work. Indeed, all the doctors and vocational counselors agreed that claimant is able to perform light to medium duty work. He was determined to be permanently and totally disabled simply because he lives in a rural area. Specifically, the Administrative Law Judge found that even though claimant lived in Brush, he could not access the Fort Morgan Brush labor market, which was a reasonable commutable distance from his home because employment in the Fort Morgan Brush labor market is not available for a person with claimant's disability and skills.

This extension of permanent total disability by the majority creates numerous problems.

Several different phrases are used in the opinion to describe the labor-market concept:

1. Access to employment in the labor market where the claimant resides;
2. Reasonable commutable distance from his home;
3. Commutable labor market;
4. The community where a claimant resides; and
5. Jobs available in the locale of his residence.

These various references create problems as to exactly what labor market the court thinks should be considered. How far is the commutable area? Is it six miles, 60 miles, 100 miles? Does it depend on whether the claimant has reliable transportation? The claimant's ability to drive? Whether the claimant lives in a rural or an urban area? These imprecise definitions of a labor market lead to no workable definition of how it is to be applied.

It was not the intent of the General Assembly that a claimant with exactly the same restrictions, injuries, education, and training would become permanently and totally dis-abled if he lived in Brush, but only permanently partially disabled if he lived in Denver. Hence, I would set aside the order and remand for a determination of the extent of claimant's partial disability, if any.